State Court of Fulton County
**E-FILED**
25EV002064
2/27/2025 7:32 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **Briana Marshall**, <br><br> Plaintiff, <br><br> v. <br><br> **HMD Trucking, Inc. and Bradley Whitwell**, <br><br> Defendants. | Case No. <br><br><br> **Complaint for Damages** |

**Parties, Jurisdiction, And Venue**

1. Plaintiff Briana Marshall is a citizen of the State of Georgia.

2. Defendant HMD Trucking, Inc. ("HMD") is a foreign for-profit corporation registered and authorized to transact business in the State of Indiana.

3. Defendant HMD's registered agent is Alik Pliner, 1350 Texas Street, Gary, IN 46402, upon whom service of the Summons and Complaint for Damages can be made.

4. Defendant HMD is subject to the personal jurisdiction of this Court.

5. Venue is proper in this Court as to Defendant HMD.

6. Defendant HMD's officers, agents, and employees were involved in the acts and omissions which give rise to this lawsuit and committed tortious acts and omissions in the State of Georgia with respect to the Crash at issue.

7. Defendant HMD owned and operated the 2025 freightliner involved in the crash that forms the basis for this lawsuit.

8. Defendant Bradley Whitwell ("Whitwell") is a citizen of the State of Tennessee.

9. Defendant Whitwell may be served with process at his residence at 702 Bud Armour Road, Gates, TN 38037.

10. Defendant Whitwell is subject to the jurisdiction of this Court.

11. Venue is proper in this Court as to Defendant Whitwell.

12. Venue is proper in Fulton County pursuant to O.C.G.A. § 14-2-510.

### Facts Applicable to All Counts

13. On November 13, 2024, Plaintiff and Defendant were involved in an automobile Crash in Fulton County, Georgia.

14. Plaintiff was driving southbound on Highway 285 in the left-hand lane.

15. Defendant Whitwell was driving ahead of Plaintiff on Highway 285 in the right-hand lane.

16. At the aforementioned time, Defendant Whitwell unexpectedly changed lanes, colliding with Plaintiff's vehicle.

17. At the time of the Crash, Defendant Whitwell was an employee and agent of Defendant HMD and operated the 2025 freightliner involved in the crash in the course and scope of his employment with HMD.

18. Plaintiff suffered injuries because of the Crash.

19. At all relevant times, Plaintiff exercised due care for her own safety.

### Negligence of Defendant Whitwell

20. Defendant Whitwell owed a duty of care to the motoring public in general, and to Plaintiff in particular, to operate a vehicle in a reasonable and prudent manner and to adhere to the pertinent Rules of the Road for the State of Georgia.

21. The Crash was directly and proximately caused by the negligence of Defendant Whitwell.

22. The Crash was directly and proximately caused by Defendant Whitwell's failure to keep a proper lookout.

23. The Crash was directly and proximately caused by Defendant Whitwell's negligence in failing to maintain control of his vehicle.

24. The Crash was directly and proximately caused by Defendant Whitwell's negligence in failing to maintain his lane.

25. The Crash was directly and proximately caused by Defendant Whitwell's negligence in failing to otherwise exercise ordinary care under the circumstances then existing.

26. Defendant Whitwell's actions constituted negligence *per se* regarding applicable laws and standards including, but not limited to:

    26.1.  Failing to maintain his lane, in violation of O.C.G.A. § 40-6-48.

27. Plaintiff's personal injuries were directly and proximately caused by Defendant's negligence.

## Imputed Liability

28. At the time of the Crash, Defendant Whitwell was under dispatch for Defendant HMD.

29. At the time of the Crash, Defendant Whitwell was operating his vehicle on behalf of Defendant HMD.

30. Defendant Whitwell was in the course and scope of his employment with Defendant HMD at the time of the crash, and thus, Defendant HMD is responsible for the actions of Defendant Whitwell under the doctrines of agency, vicarious liability, or apparent liability.

## Negligent Hiring, Training, Retention, and Supervision

31. Defendant HMD was negligent in hiring Defendant Whitwell and entrusting him to drive a commercial motor vehicle.

32. Defendant HMD was negligent in failing to properly train Defendant Whitwell.

33. Defendant HMD was negligent in failing to discharge Defendant Whitwell before the Crash.

34. Defendant HMD was negligent in failing to properly supervise Defendant Whitwell.

35. Defendant HMD was negligent in failing to promulgate and enforce company

policies, procedures and rules for the protection of the public, including but not limited to Plaintiff.

36. Defendant HMD's negligence in hiring Defendant Whitwell, entrusting him with driving a commercial vehicle, and failing to train and supervise him properly proximately caused Plaintiff's injuries and damages.

**Damages**

37. Defendants are liable for Plaintiff's injuries and damages sustained, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.

38. Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

39. Plaintiff seeks and is entitled to recover for:

    39.1.  Personal injuries

    39.2.  Past, present, and future pain and suffering

    39.3.  Disability

    39.4.  Disfigurement

    39.5.  Mental anguish

    39.6.  Loss of capacity for the enjoyment of life

    39.7.  Economic losses

    39.8.  Incidental expenses

    39.9.  Past, present, and future medical expenses

    39.10. Lost earnings

    39.11. Loss of earning capacity

39.12.  Permanent injuries

39.13.  Consequential damages to be proven at trial.

40. Plaintiff respectfully requests:

40.1.  Process issue as provided by law

40.2.  Trial by jury against Defendant

40.3.  Judgment be awarded to Plaintiff and against Defendants

40.4.  Plaintiff be awarded damages in amounts to be shown at trial

40.5.  Plaintiff have such other relief as this Court deems just and appropriate.


Submitted on February 27, 2025, by:

**Rafi Law Firm LLC**          Michael T. Rafi
1776 Peachtree Street NW       Georgia Bar No. 127670
Suite 423-South                Alexander J. Brown
Atlanta, GA 30309              Georgia Bar No. 532112
404-800-9933                   John R. Hooven
470-344-3425 fax               Georgia Bar No. 429489
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com         **Attorneys for Plaintiff**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**25EV002064**
**2/27/2025 7:32 PM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

CIVIL ACTION FILE #: _____

Dailyn Jureski
_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

Bradley Whitwell
_____
702 Bud Armour Road
_____
Gates          TN          38037
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| \*\*\*\*\*\*\*\*\*\*\*\* | |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: John Hooven
_____

Address: 1776 Peachtree St NW, Ste 423-South
_____

City, State, Zip Code: Atlanta, GA 30309          Phone No.: 404-800-9933

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.          _____
                                                                                                    DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.          _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**25EV002064**
**2/27/2025 7:32 PM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

Briana Marshall _____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

HMD Trucking, Inc. c/o Alik Pliner _____

1350 Texas Street _____

Gary          IN          46402

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| \*\*\*\*\*\*\*\*\*\*\*\* | |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: John Hooven _____

Address: 1776 Peachtree St NW, Ste 423-South _____

City, State, Zip Code: Atlanta, GA 30309 _____     Phone No.: 404-800-9933 _____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**25EV002064**
**2/27/2025 7:32 PM**
**Donald Talley, Clerk**
**Civil Division**

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** FULTON **County**

| For Clerk Use Only |
|---|
| **Date Filed** _____      **Case Number** _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Marshall | Briana | | | |
| | | | | |
| | | | | |
| | | | | |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| HMD | Trucking | Inc. | | |
| Whitwell | Bradley | | | |
| | | | | |
| | | | | |

**Plaintiff's Attorney** John R. Hooven    **State Bar Number** 429489    **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____      _____
**Case Number**              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

State Court of Fulton County
**E-FILED**
25EV002064
2/27/2025 7:32 PM
Donald Talley, Clerk
Civil Division

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| Briana Marshall, | Case No. |
| Plaintiff, | |
| v. | |
| HMD Trucking, Inc. and Bradley Whitwell, | **Plaintiff's First Interrogatories to Defendant HMD Trucking, Inc.** |
| Defendants. | |

Plaintiff serves these Interrogatories upon Defendant HMD Trucking, Inc. pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-33.

Each interrogatory is addressed to the personal knowledge of each Defendant to whom these interrogatories are directed, as well as to the knowledge and information of Defendants' attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to each of the aforementioned persons.

#### Instructions

**Respond to each interrogatory individually.** Do not respond to an interrogatory by referring to your response another interrogatory or by adoption, since some of the interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves. *See* O.C.G.A. 9-11-33(a)(2) ("Each interrogatory shall be answered separately and fully in writing under oath...").

**Do not assert a "preamble," "general objections," or objections that purport to apply to all of your responses.** *See Tennesco, Inc. v. Berger*, 144 Ga. App. 45, 48 (1977) ("The questions must at the very least be considered on an individual basis and answered accordingly."). Each individual discovery request should be met with every specific objection thereto, but only those objections that apply to the particular request. Otherwise, it becomes impossible for the Court or Plaintiff to know what objections have been asserted to each individual request and whether your responses are full and complete.

<mark>If you object to an interrogatory but then respond to the interrogatory, state whether your response is complete.</mark> If you are withholding information and/or documents based on an objection(s), please state as such, so Plaintiff will know if additional information and/or documents would have been included in your response but for the objection(s).

### Definitions

1. "*Document*" includes, but is not limited to, emails, correspondence, reports, memoranda, publications, stenographic or handwritten notes, audio or video recordings, pictures, drawings, photographs, maps, written calculations, and other written electronic communications.

2. "*Person*" means any natural person, corporation, partnership, proprietorship, association, organization, entity, or group of persons.

3. "*Identify*"

   i. With respect to any *person*, "*identify*" means to provide that person's last known contact information for personal and work (phone, postal address, and email address), and a description of the person's connection with the events in question.

   ii. With respect to any *document*, "*identify*" means to provide the title of the document, the date the document was created, the name of the creator, the name of the person who directed that the document be created, and the identity of the person or group to whom the document was distributed.

   iii. <mark>This instruction is not boilerplate and meaningless; when Plaintiff writes "identify," he truly means for you to *identify* persons pursuant to these instructions. Please do not make Plaintiff write a letter pursuant to USCR 6.4(b) asking you to actually *identify* witnesses pursuant to these instructions. Our letter will state: "Please properly identify witnesses pursuant to the Instructions," along with an image of this very instruction.</mark>

4. "*The Crash*" means the crash described in Plaintiff's Complaint and which forms the basis of this lawsuit.

5. "*Defendant Driver*" means Bradley Whitwell.

6.    "*The Vehicle*" means the vehicle driven by Defendant Bradley Whitwell at the time of the Crash.

### *Interrogatories*

### Background

1.    State the name and address of any individual or entity with any ownership or lease interest in the Vehicle driven by Defendant Driver on the date of the Crash and describe the nature of the interest.

2.    Describe the Vehicle operated by Defendant Driver at the time of the Crash, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

3.    Identify (including the name, address, and telephone number) the Executive Officers (CEO, President, Chairman, CFO, COO), Safety Director, Personnel Director, and any individuals with an ownership interest in LowCountry Barbecue, Inc.

4.    Identify all persons who interviewed or were involved with the hiring, associating, and/or training of Defendant Driver.

5.    Explain the nature of the employment relationship between you and Defendant Driver including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

6.    With respect to Defendant Driver, please state the driver's mode of compensation.

7.    Identify all automobile accidents and moving violations for Defendant Driver prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction, and a description of the event.

8.    State the extent of any training provided to Defendant Driver by you or any outside agency since the date of Defendant Driver's application for employment or the date he began driving for you, whichever came first.

9.    Identify all steps taken <u>before</u> the Crash to determine whether Defendant Driver was a safe driver. Include, but do not limit yourself to, details about screening, hiring, background checks, tests, and training.

### The Crash

10.   State the point of origin, time of departure, destination, time of arrival, and reason for the trip being made by Defendant Driver at the time of the incident referred to in the Complaint.

11.   Identify all cargo that was being transported in the Vehicle by the Defendant Driver at the time of the Crash including the quantity of any item(s).

12.   Identify all persons who helped load or unload any cargo carried by the Vehicle on the date of the Crash.

13.   Did you conduct a post-Crash alcohol and controlled substance test on Defendant Driver? If so, please state the date and time of testing, who performed the test, where the test was performed, and the results of the test. If post-Crash testing was not performed on Defendant Driver, please state the reason(s) such testing did not occur.

14.   After the Crash, did you discipline, punish, reprimand, penalize, or warn Defendant Driver in any way? If yes, how, and by whom?

### Plaintiff's Injuries

15.   Are you aware of any instances where Plaintiff was arrested for, charged with, or convicted of a crime? If so, please identify each instance.

16.   State whether you or your agent(s) have attempted to surveil or observe Plaintiff at any time after the Crash, even if such attempts were unsuccessful. Identify any video recordings, photographs, or reports related to such surveillance or

observation. List the date(s) on which the surveillance or observation was conducted and the person(s) who conducted it.

17. Do you contend that Plaintiff was not truly injured in the Crash, is exaggerating, faking, or lying concerning her injuries in any way? If yes, please state in the ways in which you believe Plaintiff claims to be injured but is not; is exaggerating; faking; or lying.

**Witnesses**

18. State the name and address of any person, including any party, who, to your knowledge, information, or belief was an eyewitness to the Crash, has some knowledge of any fact or circumstance upon which your defense is based, or has conducted any investigation relating to the Crash or to the background, employment, medical history, or activities of the Plaintiff.

19. Identify all witnesses who have knowledge about Plaintiff's injuries or damages.

20. Identify any statements you know of that were made by Plaintiff concerning the Crash, Plaintiff's injuries, or this lawsuit in any way.

21. Identify each person to whom Defendants and/or their agents/employees have given any written or otherwise recorded statement in connection with the subject matter of this litigation and identify each statement.
**Note**: This is not a request for documents or materials that were prepared in anticipation of litigation or documents or materials which are subject to attorney-client privilege.

22. If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

23. Pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i), identify all expert witnesses whom you expect to testify at trial and describe the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**Miscellaneous**

24.   Have any documents responsive to Plaintiff's Request for Documents been destroyed, lost, misplaced, withheld, or provided to a third party such that they were not produced to Plaintiff?  If so, please describe each such document, the reason it was not produced, and the document's current location.

25.   Has Defendant communicated with Plaintiff since the Crash?  If so, please identify all instances in which Defendant has communicated with Plaintiff, including the date(s), method(s) of communication(s), substance of the communication(s), and any other witnesses to the communication(s).

26.   When did you first contemplate litigation?

27.   Identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. State the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered against you.

28.   Has any insurer denied coverage or reserved its right to later deny coverage with respect to the Crash? If so, please explain when and why coverage was denied or the right to deny coverage at a later date was reserved.

29.   Identify the person or persons who assisted in any way in responding to Plaintiff's Interrogatories, by stating the person(s) full name, residential address, current employer, telephone number(s) and specify the particular response or responses to which each person responded.


Submitted on February 27, 2025, by:


**Rafi Law Firm LLC**                        Michael T. Rafi
1776 Peachtree Street NW              Georgia Bar No. 127670
Suite 423-South                              Alexander J. Brown
Atlanta, GA 30309                           Georgia Bar No. 532112


- 6 -

- 7 -

404-800-9933                          John R. Hooven
470-344-3425 fax                      Georgia Bar No. 429489
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com                **Attorneys for Plaintiff**

State Court of Fulton County
25EV002064
2/27/2025 7:32 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **Briana Marshall,** | Case No. |
| Plaintiff, | |
| v. | |
| **HMD Trucking, Inc. and Bradley Whitwell**, | **Notice of Deposition of Defendant Bradley Whitwell** |
| Defendants. | |

*To:*      Bradley Whitwell
702 Bud Armour Road
Gates, TN 38037

*Time*:     July 23, 2025 at 10:00 A.M.

*Location*:     Zoom Videoconference

Plaintiff will take the deposition of Bradley Whitwell at the time and location stated above pursuant to O.C.G.A. § 9-11-30. The deposition will be taken for all purposes permitted by the Georgia Civil Practice Act. The deposition will be taken by oral examination before a person duly authorized to administer oaths and visually recorded. This deposition will take place via videoconference through a software program that meets all the requirements set out in U.S.C.R. 9.2(E).

      Submitted on February 27, 2025, by:

**Rafi Law Firm LLC**      Michael T. Rafi
1776 Peachtree Street NW      Georgia Bar No. 127670
Suite 423-South      Alexander J. Brown
Atlanta, GA 30309      Georgia Bar No. 532112
404-800-9933      John R. Hooven
470-344-3425 fax      Georgia Bar No. 429489
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com      **Attorneys for Plaintiff**

State Court of Fulton County
**E-FILED**
25EV002064
2/27/2025 7:32 PM
Donald Talley, Clerk
Civil Division

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **Briana Marshall**, | Case No. |
| Plaintiff, | |
| v. | |
| **HMD Trucking, Inc. and Bradley Whitwell**, | **Plaintiff's First Requests for Production of Documents to All Defendants** |
| Defendants. | |

Plaintiff serves these Requests upon the above-named Defendants pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-34.

Each request is addressed to the personal knowledge of each Defendant to whom these Requests are directed, as well as to the knowledge and information of those Defendants' attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to each of the aforementioned persons.

**Instructions**

Do not assert a "preamble," "general objections," or objections that purport to apply to all of your responses. *See Tennesco, Inc. v. Berger*, 144 Ga. App. 45, 48 (1977) ("The questions must at the very least be considered on an individual basis and answered accordingly."). Each individual discovery request should be met with every specific objection thereto, but only those objections that apply to the particular request. Otherwise, it becomes impossible for the Court or Plaintiff to know what objections have been asserted to each individual request and whether your responses are full and complete.

If you object to a request but then respond to it, state whether your response is complete. If you are withholding information and/or documents based on an objection(s), please state as such, so Plaintiff will know if additional information and/or

documents would have been included in your response but for the objection(s). If you are not withholding documents pursuant to your objections, please state as such, so Plaintiff will know your response is complete.

<mark>Search your electronically stored data for responsive information.</mark> Under the CPA, Defendant is required to produce all non-privileged responsive information in its possession, custody, and control. Plaintiff specifically requests that Defendant search its electronically stored information for responsive information.

### Definitions

1.   "*Document*" includes, but is not limited to, emails, correspondence, reports, memoranda, publications, stenographic or handwritten notes, audio or video recordings, pictures, drawings, photographs, maps, written calculations, and other written electronic communications.

2.   "*Person*" means any natural person, corporation, partnership, proprietorship, association, organization, entity, or group of persons.

3.   "*The Crash*" means the incident forming the basis of Plaintiff's Complaint.

4.   "*Defendant Driver*" means Bradley Whitwell.

5.   "*Defendant Company*" means Faith HMD Trucking, Inc.

6.   "*You*" means all Defendants to whom these Requests are directed.

7.   "*The Vehicle*" means the vehicle driven by Defendant Bradley Whitwell at the time of the Crash.

### *Requests*

### Background

1.   Produce all insurance policies which cover you/your company or may cover you/your company for the Crash. This request includes primary insurance coverage, excess insurance coverage, insurance coverage of leasing or rental companies not named in this lawsuit, or any other type of liability insurance

coverage, medical-payments coverage, and documents regarding reservation of rights for the same.

2. Produce all applications for automobile insurance you have completed in the past 5 years.

3. Produce your accident register for the 1-year period preceding the Crash.

4. Produce any driver manuals, guidelines, rules, or regulations issued to drivers by your company or kept by your company.

5. Produce copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by you or kept by you.

6. Produce all documents reflecting or related to citations issued to you for violation(s) of the Georgia Rules of the Road.

7. Produce all hiring policies, guidelines, or rules for hiring someone in the position occupied by the Defendant driver which were in effect at the time the Defendant driver was hired.

8. Produce all advertisements the Defendant Company has placed since 2008 seeking prospective employees to apply for employment. In your response, please include the advertisement, if applicable, to which the Defendant driver responded.

9. As to each collision between you or one of your company's vehicles and another vehicle, for the years 2013 through the date of the Crash, please produce all documents related to:
    a. The date and location of the collision;
    b. Official governmental reports, including accident reports and incident reports regarding the incident;
    c. The name of the driver of your company's vehicle;
    d. A brief description of the incident, including whether the you or the driver of your company's vehicle was found at fault or in any way responsible for causing the collision;

e.  All violation(s) of any laws which were charged against you or the driver of your company's vehicle as a result of the incident, and the final disposition of those charges;

f.  All investigations which were undertaken by you, your company, or anyone acting on its behalf, regarding you or your driver's conduct in the incident;

g.  Actions (e.g. reprimand, termination, additional training, etc.) which were taken by you or your company regarding the driver in the incident;

h.  Photographs of the incident; and

i.  Changes that you or your company made to its practices, policies, or procedures as a result of the incident.

### The Vehicle

10.  Produce all leases, contracts, or other agreements regarding the Vehicle.

11.  Produce all bills of sale, titles, and any other documents relating to the ownership of the Vehicle.

12.  Produce all documents concerning the cargo the Vehicle was carrying at the time of the Crash.

### The Crash

13.  Produce all documents relating to the Defendant Driver's activities on the day of the Crash.

14.  Produce all documents related to the work being performed by the Defendant Driver on the day of the Crash.

15.  Produce any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of the Defendant Driver.

16.  Produce all documents related to the damage to, or repair of, the Vehicle. This request encompasses, but is not limited to, photographs, repair estimates, repair bills, and damage appraisals.

17. Produce any printouts, records, or documents, produced by any on-board recording device, on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM, or similar device that was utilized by the Vehicle on the date of the Crash.

18. All videotapes, photographs, plats, or drawings of the scene of the incident referred to in the Complaint, the vehicles, or Plaintiff.

### The Defendant Driver

19. Produce all pre-employment screening reports or similar reports on the Defendant driver showing his prior accidents or inspection history.

20. Produce copies of all cell phone records showing incoming calls, outgoing calls, and text messages to or from the Defendant driver on the date of the Crash.

21. Produce all leases, employment contracts, and any other documents regarding the employment status of the Defendant driver.

22. Produce a copy of the Defendant driver's entire personnel file, including but not limited to:

    a. Application for employment;

    b. Copy of his CDL license, if he has one;

    c. Driver's prior employment history;

    d. Your inquiry into his driving record;

    e. Your inquiry into his employment record;

    f. Documents regarding your annual review of his driving record;

    g. Statement setting forth in detail any denial, revocation, or suspension of any license, permit, or privilege to operate a motor vehicle;

    h. Training certificates and training documents;

    i. Any other documents in said file.

23. Produce all trip reports and dispatch records related to the Defendant Driver for the two-week period preceding the Crash.

24. Produce all driver's logs or time cards for the Defendant Driver for the one-month period preceding the Crash.

25. Produce copies of all reports, memoranda, notes, logs, or other documents evidencing any complaints, whether formal or informal, about the Defendant Driver and/or his driving.

26. Produce all documents related to any reprimand or discipline, whether formal or informal (including emails, text messages, official company documents, etc.), that the Defendant Driver has received.

27. Produce all documents concerning any disqualification or placement out of service of the Defendant Driver.

28. Produce any documents regarding any training received by the Defendant Driver.

29. Produce all documents relating to any motor vehicle collision, traffic violation, DOT violation, or other crime committed or allegedly committed by the Defendant Driver of which you were aware prior to the Crash.

30. Produce any information or reports you have, from any private source or governmental entity, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the Defendant Driver.

31. Produce all documents regarding the Defendant Driver upon which the Defendant Company relied in deciding to hire him.

32. Produce the payroll information concerning the Defendant Driver for the three months prior to the Crash. (Plaintiff is requesting copies of the Defendant Driver's individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.)

### Damages

33. Please produce a copy of all documents relating to Plaintiff that may be relevant to the issue of damages.

34. Please produce copies of all evidence in your possession to include documents, medical records, photographs, sound or video recordings, or any documentation by any other name that concerns Plaintiff's physical or medical condition, injuries, or damages.

35. All statements you know of that were made by Plaintiff concerning the Crash, Plaintiff's injuries, or this lawsuit in any way.

36. Produce all video recordings, photographs, reports, or other documents related to surveillance or observation of Plaintiff after the Crash.

### Witnesses

37. Produce all written or otherwise recorded statements in connection with the subject matter of this litigation, which includes, but is not limited to, the issues of liability or damages.

    *Please note*: This request does not seek attorney-client communications or documents that were prepared in anticipation of litigation; but, evidence obtained or created in the regular course of business is responsive to this request.

38. Produce all statements or reports made by any person who was an eyewitness to the Crash, has some knowledge of any fact or circumstance upon which your defense is based, or has conducted any investigation relating to the Crash or to the background, employment, medical history, or activities of the Plaintiff.

    *Note*: This is not a request for documents or materials that were prepared in anticipation of litigation or documents or materials which are subject to attorney-client privilege.

39. Produce all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by an individual who made a statement or report that is responsive to the preceding request.

### Experts

40. All documents received from or created by any experts who have investigated any issue relevant to the Crash.

41. All documents and things that Defendants have provided to any expert you designated or expect to testify on Defendants' behalf at the trial of this matter.

42. All materials relied upon by each expert in formulating their opinions and conclusions.

43. All documents received from or created by any experts who have investigated any issue relevant to the Incident.

44. The entire file of all experts, including billing information and all materials relied upon by each expert in formulating their opinions and conclusions.

**Miscellaneous**

45. Please produce copies of all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

46. Produce any documents obtained through a request for production of documents to a non-party, open records request, or subpoena.

47. All documents identified by Defendants in response to Plaintiff's Interrogatories to Defendants.

    *Please note:* this request does not seek attorney-client communications or documents that were prepared in anticipation of litigation; but, evidence obtained or created in the regular course of business is responsive to this request.

48. All letters mailed to third parties (i.e., other than the Plaintiff, insured, or Defendant) that relate to the Crash.

49. Produce all documents and things upon which you intend to rely in support of each defense that you have asserted in response to the claims set forth against you by Plaintiff, to the extent that such documents and things have not already been produced by you in response to any other request to produce set forth herein.

50. If you dispute venue, a copy of all documents and materials that support your contention that venue is improper.

51.    Pursuant to USCR 5.5, produce a privilege log for any document which has not been produced by you on grounds of privilege.

52.    To the extent your response to any of Plaintiff's Requests for Admission was anything other than an unqualified "Admitted," please produce any documents that you contend support your decision not to admit.

53.    Produce all documents or materials that you contend show that any other entity or person other than you is responsible for the Crash.


Submitted on February 27, 2025, by:


**Rafi Law Firm LLC**                      Michael T. Rafi
1776 Peachtree Street NW            Georgia Bar No. 127670
Suite 423-South                           Alexander J. Brown
Atlanta, GA 30309                        Georgia Bar No. 532112
404-800-9933                              John R. Hooven
470-344-3425 fax                         Georgia Bar No. 429489
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com            **Attorneys for Plaintiff**

- 9 -

State Court of Fulton County
25EV002064
2/27/2025 7:32 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| Briana Marshall, | Case No. |
| Plaintiff, | |
| v. | |
| HMD Trucking, Inc. and Bradley Whitwell, | Plaintiff's First Interrogatories to Defendant Bradley Whitwell |
| Defendants. | |

Plaintiffs serve these Interrogatories upon Defendant Bradley Whitwell pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-33.

Each interrogatory is addressed to the personal knowledge of Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to each of the aforementioned persons.

**Instructions**

**Respond to each interrogatory individually.** Do not respond to an interrogatory by referring to your response another interrogatory or by adoption, since some of the interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves. *See* O.C.G.A. 9-11-33(a)(2) ("Each interrogatory shall be answered separately and fully in writing under oath...").

**Do not assert a "preamble," "general objections," or objections that purport to apply to all of your responses.** *See Tennesco, Inc. v. Berger*, 144 Ga. App. 45, 48 (1977) ("The questions must at the very least be considered on an individual basis and answered accordingly."). Each individual discovery request should be met with every specific objection thereto, but only those objections that apply to the particular request. Otherwise, it becomes impossible for the Court or Plaintiffs to know what objections have been asserted to each individual request and whether your responses are full and complete.

==If you object to an interrogatory but then respond to the interrogatory, state whether your response is complete.== If you are withholding information and/or documents based on an objection(s), please state as such, so Plaintiffs will know if additional information and/or documents would have been included in your response but for the objection(s).

==Search your electronically stored data for responsive information.== Under the CPA, Defendant is required to produce all non-privileged responsive information in its possession, custody, and control. Plaintiff specifically requests that Defendant search its electronically stored information for responsive information.

### Definitions

1.  "*Document*" includes, but is not limited to, emails, correspondence, reports, memoranda, publications, stenographic or handwritten notes, audio or video recordings, pictures, drawings, photographs, maps, written calculations, and other written electronic communications.

2.  "*Person*" means any natural person, corporation, partnership, proprietorship, association, organization, entity, or group of persons.

3.  "*Identify*"

    i. With respect to any *person*, "*identify*" means to provide that person's last known contact information for personal and work (phone, postal address, and email address), and a description of the person's connection with the events in question.

    ii. With respect to any *document*, "*identify*" means to provide the title of the document, the date the document was created, the name of the creator, the name of the person who directed that the document be created, and the identity of the person or group to whom the document was distributed.

    iii. ==This instruction is not boilerplate and meaningless; when Plaintiff writes "identify," he truly means for you to *identify* persons pursuant to these instructions. Please do not make Plaintiff write a letter pursuant to USCR 6.4(b) asking you to actually *identify* witnesses pursuant to these instructions. Our letter will state: "Please properly identify witnesses pursuant to the==

Instructions," along with an image of this very instruction.

4.    "*The Crash*" means the incident forming the basis of Plaintiff's Complaint.

5.    "*Defendant Company*" means HMD Trucking, Inc.

6.    "*The Vehicle*" means the vehicle driven by you at the time of the Crash.

## *Interrogatories*

### Background

1.    What is your full name, address at the time of the Crash, current address, driver's license number, and date of birth?

2.    Identify each school (including technical schools), college, and university that you have attended, including for each the full address, the date of graduation or completion, and the degree(s) you received therefrom, and if you are currently a student, identify your school, college or university and program and degree sought.

3.    Describe in detail any training you have received from Defendant Company or other employers with respect to operation of commercial motor vehicles and/or Vehicles similar to the Vehicle throughout your lifetime. In doing so, identify training materials, seminars, lectures, books, pamphlets, videos, workbooks, electronic documents, tests, and quizzes given to or used by you. Also include the person/entity that provided training, the time of the training, the subject matter of the training, and whether you received any certificates for said training.

4.    Identify each place of employment where you have worked for the past ten (10) years (as an employee, independent contractor, or under some other arrangement) by stating the name, address, and phone number of each place of employment as well as the full name for each of your supervisors at each place of employment, whether you left each place of employment voluntarily or were terminated, and the reason you left each place of employment.

5.    Have you been suspended or disciplined by any company in the last 10 years? If so, provide the name of the company and describe the event.

- 3 -

6.  Have you ever been arrested? If so, identify any instance where you have been arrested for any crime by stating the date of arrest, the name of the arresting agency, the charge(s) for which you were arrested, the case number of any criminal case arising out of the arrest, the court where the charges were disposed of, and the final disposition of the charges.

7.  Identify any instance where you have been issued a traffic citation for any traffic violation by stating the date of the citation, the name of the agency issuing the citation, the charge(s) for which you were issued a citation, the citation number, the court where the citation was disposed of, and the final disposition of the citation.

8.  Identify any instance where you have been involved in any motor vehicle crash by stating the date of the crash, the location of the crash, the facts giving rise to the crash, the name of all parties involved in the crash, the name of any law enforcement agency responding to the crash, whether you were issued a citation for any reason after the crash, the citation number, the court where the citation was disposed of, and the final disposition of the citation.

9.  State all drivers' licenses that you have ever held including the state where the license was held and the license number; and for each such license state whether the license has ever been revoked, suspended, or whether you have been placed on probation; and if so, state when, where, and why it was suspended or revoked or why it was placed on probation, and the period of such suspension or revocation.

10. Identify all lawsuits to which you have been a party to at any time by stating the case name, case number, county of filing, date of filing, and final disposition.

11. Did you have a cell phone at the time of the Crash? If so, please provide the phone number, service provider, and name of the owner of the account.

**The Crash**

12. State the point of origin, destination, reason for the trip, and any stops made by you for the trip that resulted in the Crash.

- 4 -

13. Please state exactly how you contend that the Crash occurred, describing in sequence the events that you contend occurred leading up to the same as seen by you.

14. Do you have an opinion as to the cause(s) of the Crash? If so, state your opinion as to all the causes of the Crash and state any and all facts upon which you base your opinion.

15. Identify any and all drugs (including, but not limited to, over-the-counter medication and prescription medication) and/or alcohol you consumed or otherwise used during the 24-hour period preceding the Crash. Include in your answer the quantity, type, and brand of each thing you consumed, and when and where you consumed each individual drug/alcoholic drink. If you cannot give the exact time of when you consumed a drug/alcoholic drink, please provide your best estimate.

16. Did you make any calls or send any electronic or text messages (using a cell phone, radio, or other device) at any point between the time you left the point of origin and the Crash? If so, state what device you used to make the call/send the message, who you called, and the substance of your conversation with that person(s).

17. Did you utilize a GPS navigation device (including a cell phone) during the trip that resulted in the Crash? If so, provide the brand, model, and serial number for said device and state the addresses/locations that were entered into the device at any point between the time you left the point of origin to the time of the Crash.

**Plaintiff's Injuries**

18. Identify all witnesses who have knowledge about Plaintiff's injuries or damages.

19. Do you contend that Plaintiff was not truly injured in the Crash or that Plaintiff is exaggerating, faking, or lying concerning her injuries in any way? If yes, please state in the ways in which Plaintiff claims to be injured but is not; is exaggerating, faking, or lying.

**Witnesses**

20. Identify all persons who have investigated the Crash or the claims made in this lawsuit.

21. Identify any witnesses who saw any part of the Crash or have any knowledge about the Crash.

22. Identify any statements you know of that were made by Plaintiff concerning the Crash, Plaintiff's injuries, or this lawsuit in any way.

23. Identify each person to whom Defendant has given any written or otherwise recorded statement in connection with the subject matter of this litigation and identify each statement.
    *Note*: This is not a request for documents or materials that were prepared in anticipation of litigation or documents or materials which are subject to attorney-client privilege.

24. Pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i), identify all expert witnesses whom you expect to testify at trial and describe the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

25. Have you or your agents/employees communicated with Plaintiff since the Crash? If so, please identify all instances in which Defendant has communicated with Plaintiff, including the date(s), method(s) of communication(s), substance of the communication(s), and any other witnesses to the communication(s).

**Miscellaneous**

26. Have any documents responsive to Plaintiff's Request for Documents been destroyed, lost, misplaced, withheld, or provided to a third party such that they were not produced to Plaintiff? If so, please describe each such document, the reason it was not produced, and the document's current location.

27. Were you required once per year by the Defendant company to report all collisions you were involved in and citations that you received over the prior year? If yes,

did you ever <u>not</u> report any collisions or citations to the Defendant company that you should have?

28.  Where you ever required by Defendant Company to submit to a medical examination or drug screen? If so, identify when the examination or screening occurred, the facility where each occurred, and the doctor or other medical professional who performed them.

29.  Did you give a written or verbal statement to the Defendant company or anyone affiliated with the Defendant company about the Crash? If so, identify the person to whom you gave the statement, provide the date on which you gave the statement, and (unless the statement is being contemporaneously produced) summarize the statement.

30.  After the Crash, did the Defendant company discipline, punish, reprimand, penalize, or warn you in any way? If yes, how and by whom?

31.  For each Request for Admission you did not admit, please state each fact and explain each reason that supports your denial or inability to admit or deny.

32.  When did you first contemplate litigation?

33.  Identify the person or persons who assisted in any way in responding to Plaintiff's Interrogatories, by stating the person(s) full name, residential address, current employer, telephone number(s), and specify the particular response or responses to which each person responded.

Submitted on February 27, 2025, by:

**Rafi Law Firm LLC**
1776 Peachtree Street NW
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
mike@rafilawfirm.com

Michael T. Rafi
Georgia Bar No. 127670
Alexander J. Brown
Georgia Bar No. 532112
John R. Hooven
Georgia Bar No. 429489

- 8 -

brown@rafilawfirm.com
hooven@rafilawfirm.com                              **Attorneys for Plaintiff**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**25EV002064**
**2/27/2025 7:32 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **Briana Marshall**, | Case No. |
| Plaintiff, | |
| v. | |
| **HMD Trucking, Inc. and Bradley Whitwell**, | **Plaintiff's First Requests for Admission to All Defendants** |
| Defendants. | |

Plaintiff serves these Requests for Admission on all Defendants pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-36.

### Definitions

1.    "*This Court*" refers to the Court referred to in the caption/style of this document and in which the Complaint has been filed.

### Requests for Admissions

1.    You have been correctly named in this case insofar as your legal name is concerned.

2.    You have been properly served as a party defendant.

3.    Process is sufficient with regard to you in this case.

4.    Service of process is sufficient with regard to you in this case.

5.    This Court has jurisdiction over the subject matter of this case.

6.    This Court has personal jurisdiction over you in this case.

7.    Venue is proper in this Court.

Submitted on February 27, 2025, by:

**Rafi Law Firm LLC**
1776 Peachtree Street NW
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com

Michael T. Rafi
Georgia Bar No. 127670
Alexander J. Brown
Georgia Bar No. 532112
John R. Hooven
Georgia Bar No. 429489

**Attorneys for Plaintiff**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**25EV002064**
**3/26/2025 9:42 AM**
**Donald Talley, Clerk**
**Civil Division**

## AFFIDAVIT OF SERVICE

| Case:<br>25EV002064 | Court:<br>STATE | County:<br>FULTON, GA | Job:<br>12867189 (2025020319) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>BRIANA MARSHALL | | Defendant / Respondent:<br>HMD TRUCKING, INC AND BRADLEY WHITWELL | |
| | | For:<br>LYNX LEGAL SERVICES, LLC | |
| To be served upon:<br>BRADLEY WHITWELL | | | |

I, RICK ISBELL, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Bradley Whitwell, 702 Bud Armour Road, Gates, TN 38037

**Manner of Service:**  Personal/Individual, Mar 11, 2025, 7:23 pm CDT

**Documents:**  30-Day Summons, Complaint for Damages, Notice of Deposition of Defendant Bradley Whitwell, General Civil and Domestic Relations Case Filing Information Form, Plaintiff's First Requests for Admission to All Defendants, Plaintiff's First Requests for Production of Documents to All Defendants and Plaintiff's First Interrogatories to Defendant Bradley Whitwell (Received Mar 10, 2025 at 12:00am CDT)

**Additional Comments:**
1) Successful Attempt: Mar 11, 2025, 7:23 pm CDT at 702 Bud Armour Road, Gates, TN 38037 received by Bradley Whitwell.
Served hand to hand

RICK ISBELL          Date     3-24-2025

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date    3/24/25         Commission Expires    4/15/28

STATE OF
TENNESSEE
NOTARY
PUBLIC
CINDY COTTRELL
DYER COUNTY
MY COMMISSION EXPIRES 4-15-2028

**State Court of Fulton County**
**\*\*E-FILED\*\***
**25EV002064**
**4/23/2025 3:25 PM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

BRIANA MARSHALL,                          )
                                          )
        Plaintiffs,                       )        CIVIL ACTION FILE
                                          )        NO. 25EV002064
v.                                        )
                                          )
HMD TRUCKING, INC. and BRADLEY            )
WHITWELL,                                 )
                                          )
        Defendants.                       )
                                          )

### WAIVER OF SERVICE AND STIPULATION

I, Anna Beaton, as attorney for Defendant HMD Trucking, Inc., (hereinafter referred to as "Defendant"), pursuant to O.C.G.A. § 9-11-4(d) hereby waive legal service of Plaintiff's Complaint for Damages, Plaintiff's First Requests for Admission to Defendants, Plaintiff's First Requests for Production of Documents to Defendants, and Plaintiff's First Interrogatories to Defendants. Without waiving any other defenses, Defendant waives further service of Plaintiff's Complaint and First Set of Discovery and defenses related to service of process or adequacy of process. Defendant retains and specifically raises all defenses as to jurisdiction and venue. Defendant shall have up to and including May 15, 2025 to file its Answer and up to and including June 2, 2025 to respond to Plaintiff's first set of discovery identified herein.

[DATE AND SIGNATURES ON FOLLOWING PAGE]

5470708.2

This 23rd day of April, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Anna K. Beaton
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
Anna.beaton@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

RAFI LAW FIRM LLC.

/s/ John Hooven*
Michael T. Rafi
Georgia Bar No.:  127670
Alexander J. Brown
Georgia Bar No: 532112
John R. Hooven
Georgia Bar No: 429489
*Attorneys for Plaintiff*
(*Signed by Anna K. Beaton
with express permission)*

Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423 South
Atlanta, GA 30309

2

5470708.2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document with eFileGA which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

Michael T. Rafi
Alexander J. Brown
John R. Hooven
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423 South
Atlanta, GA 30309
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com
*Attorneys for Plaintiff*

This 23rd day of April, 2025.

MOSELEY MARCINAK LAW GROUP, LLP


*/s/ Anna K. Beaton*
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

3

5470708.2

**State Court of Fulton County**
**\*\*E-FILED\*\***
**25EV002064**
**4/24/2025 1:28 PM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BRIANA MARSHALL, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | NO. 25EV002064 |
| v. | ) | |
| | ) | |
| HMD TRUCKING, INC. and BRADLEY | ) | |
| WHITWELL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify this day that I have served the following **1.)** *Defendant HMD Trucking, Inc.'s First Set of Interrogatories to Plaintiff Briana Marshall; 2.) Defendant HMD Trucking, Inc.'s First Requests for Production of Documents to Plaintiff Briana Marshall* upon all parties and attorneys of record by serving this document via email pursuant to U.S.C.R. 36.16(E) as follows:

Michael T. Rafi
Alexander J. Brown
John R. Hooven
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423 South
Atlanta, GA 30309
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com
*Attorneys for Plaintiff*

This the 24th day of April, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Anna K. Beaton
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com

5438864.2

Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*


MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
404-282-7837
470-480-7259 (Fax)

5438864.2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document with eFileGA which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

Michael T. Rafi
Alexander J. Brown
John R. Hooven
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423 South
Atlanta, GA 30309
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com
*Attorneys for Plaintiff*

This the 24th day of April, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Anna K. Beaton
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
404-282-7837
470-480-7259 (Fax)

5438864.2

State Court of Fulton County
**E-FILED**
25EV002064
4/24/2025 1:28 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BRIANA MARSHALL, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | NO. 25EV002064 |
| v. | ) | |
| | ) | |
| HMD TRUCKING, INC. and BRADLEY WHITWELL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS JOINT JURY DEMAND**

COME NOW Defendants HMD Trucking, Inc. and Bradley Whitwell, named Defendants

in the above-styled civil action, and hereby demand a trial by twelve (12) persons.

This 24th day of April, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Anna K. Beaton*
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
404-282-7837
470-480-7259 (Fax)

1

5438603.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document with eFileGA which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

Michael T. Rafi
Alexander J. Brown
John R. Hooven
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423 South
Atlanta, GA 30309
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com
*Attorneys for Plaintiff*

This the 24th day of April, 2025.

MOSELEY MARCINAK LAW GROUP, LLP


/s/ Anna K. Beaton
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*


MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
404-282-7837
470-480-7259 (Fax)

2

5438603.2

**State Court of Fulton County**
**\*\*E-FILED\*\***
**25EV002064**
**4/24/2025 1:30 PM**
**Donald Talley, Clerk**
**Civil Division**

TO:             ALL JUDGES, CLERKS OF COURT, and COUNSEL OF RECORD

FROM:           BLAIR J. CASH, ESQ.

RE:             NOTICE OF LEAVE OF ABSENCE

DATE:           April 24, 2025

_____

COMES NOW, BLAIR J. CASH, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16 on the following dates:

1.    May 22, 2025 through and including May 23, 2025 for out of state family vacation;

2.    June 23, 2025 through and including June 27, 2025 for out of state travel and continuing legal education;

3.    June 30, 2025 through and including July 4, 2025 for out of state family vacation;

4.    July 11, 2025 through and including July 22, 2025 for out of state family vacation;

5.    August 4, 2025 for family time;

6.    August 28, 2025 through and including August 29 2025 for out of state family vacation;

7.    September 22, 2025 through and including September 26, 2025 for out of state family vacation;

8.    October 31, 2025 for family time;

9.    November 20, 2025 and November 21, 2025 for client meetings and continuing legal education;

10.   December 1, 2025 for family time;

11.   December 12, 2025 for annual law firm meeting; and,

-1-

5381983.3

-2-

12.    Attached as Exhibit 'A' is the list of actions to be protected.

Pursuant to Rule 16 of the State and Superior Court Rules for Georgia, all affected judges presiding over the cases listed in the attachment hereto and opposing counsel therein shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted pursuant to Rule 16.

This the 24th day of April, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Blair J. Cash
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (fax)

-2-

**EXHIBIT 'A'**

| Name of Case and<br>Case Number | Name of Judge<br>County and Court | Opposing Counsel |
| --- | --- | --- |
| Don Adams v. Ronald Johnson, ABA Enterprise Corp., and Accredited Specialty Insurance Company<br>STSV2024003652 | Hon. Chaundra D. Lewis<br>State Court of Henry County | Robert A. DeMetz, Jr.<br>DOWNEY & CLEVELAND, LLP<br>288 Washington Avenue<br>Marietta, GA 30060<br><br>James E. Nash, Jr.<br>THE LAW OFFICES OF JAMES E. NASH<br>3487 English Oaks Drive<br>Kennesaw, GA 30144 |
| Allstate Property & Casualty Insurance Company a/s/o Lauriel Akela Christian Young v. Calvin Nesbitt, et al.<br>24-CG-0382-JH | Hon. John F. Helton<br>Superior Court of Laurens County | Candace Boutwell<br>Keisha N. Townsend<br>Boutwell & Associates, LLC<br>2280 Satellite Blvd.<br>Building B<br>Duluth, GA 30097 |
| Shenique Ancrum v. Heyden Enterprises, LLC and Alexis Calixtro<br>24EV009532 | Hon. Eric Richardson<br>State Court of Fulton County | Mark A. Wade<br>GEORGIA AUTO LAW: AUTO ACCIDENT ATTORNEYS<br>120 Ottley Drive NE, Studio B<br>Atlanta, GA 30324 |
| Darren Arthur v. Taylor Transport | Hon. Diane E. Bessen<br>State Court of Fulton County | Matthew C. Broun<br>KALKA LAW GROUP<br>1447 Peachtree Street NE, Suite 550<br>Atlanta, GA 30309 |
| Asil Group, LLC, et al. v. Willie McClinton ,Jr, et al.<br>2024CV0056652 | Hon. Jason E. Ashford<br>State Court of Houston County | Michael E. Mayo<br>Jake R. Wilkes<br>MAYO | HILL<br>577 Mulberry Street, Suite 1400<br>Post Office Box 4628<br>Macon, Georgia 31208 |

5381983.3

| | | |
|---|---|---|
| Nicholas Bogus v. Battle Logistics, LLC, Accredited Surety and Casualty Company, Inc., and Roberrt Bradshaw 24CV00049 | Hon. Tommy J. Smith Superior Court of Jefferson County | Bradley Robinson FARAH & FARAH 12016 Abercorn Street Savannah, GA 31419 |
| Angela Brown v. Arthur Slater, et al 2024RCSC01434 | Hon. Ashanti L. Pounds State Court of Richmond County | William Andrews MARSH \| RICKARD \| BRYAN 2222 Arlington Avenue S, Suite 210 Birmingham, AL 35205 |
| Burrell, et al. v. Trimac, et al. 22EV000879 | Hon. Fred C. Eady Fulton County State Court | All Counsel of Record |
| Latasha Campbell v. Derek Hood and P. Judge & Sons Trucking, LLC STCV25-00886 | Hon. Derek White State Court of Chatham County | Felicia Spears-Dinkins The Spears Law Firm, LLC 100 Bull Street, Suite 200 Savannah, GA 31401 |
| Zachariah Carter v. Williams Brothers Trucking and Daniel Krattli | Hon. SR State Court of Jeff Davis County | Ian D. Grady David A. Hollifield Pain Pros, LLC 600 Peachtree Street NE, Suite 2210 Atlanta, GA 30308 |
| Chun Chambers v. TransWood, Inc. and Adam Trimmer 2024RCSC00857 | Hon. Ashanti L. Pounds State Court of Richmond County | Marcus Roberts Jan P. Cohen Kenneth S. Nugent, P.C. One 10th Street, Suite 500 Augusta, Georgia 30901 |
| Billy Conyers v. Dexter O. Blake, et al. STCV24-01562 | Hon. Derek White State Court of Chatham County | Douglas E. Herman Laron E. Dunham MIKE HOSTILO LAW FIRM 33 Park of Commerce Boulevard Savannah, Georgia 31405 |

-4-

5381983.3

| | | |
|---|---|---|
| Jeremy Cripps v. Dana Octavious Tyree, BLS Trucking, Inc.,et al. 2024RCSC00878 | Hon. Ashanti L. Pounds State of Richmond County | Sarah B. Flack Bader Scott Bader Scott Injury Law Firm 3384 Peachtree Road NE, Suite 500 Atlanta, Ga 30326 |
| Tiffany Druschel, et al v. Luciana Calcagno and JP Logistics Inc. | Open Superior Court of Bartow County | Victor Ogbeuhi Shaun Daughtery Kaila & Solomon Law Group, LLC d/b/a Guardian Law Group 200 Sandy Springs Place NE, Suite 300 Atlanta, GA 30328 |
| Joyce Elliott v. Diel-Jerue Logistics, Inc. and Mohamed Rouzali | Open State Court of Brooks County | Jeremy F. Babb Morgan & Morgan 2743 Perimeter Parkway Building 100, Suite 310 Atlanta, GA 30909 |
| Jordan Ferguson v. Kyaw Kheain and Shan Lay Trucking LLC | Hon. Tracie H. Carson Superior Court of Gwinnett County | Joe Harrison Wade, II MORGAN & MORGAN 200 Stephenson Ave, Suite 200 Savannah, GA 31405 |
| Glenn, et al. v. Trimac Transportation, et al. 20EV007366 | Hon. Patsy Y. Porter Fulton County State Court | All Counsel of Record |
| Jessie Hampton v. GTX Transportation, LLC, V3 Logistix, Inc., Richard Knight, and Dashun Dwayne Robinson 24A07416 | Hon. Charles E. Bailey State Court of Dekalb County | Trevor E. Brice Adewale Odetunde WLG Atlanta, LLC Bank of America Plaza 600 Peachtree Street NE Suite 4010 Atlanta, GA 30308 |
| Kayla Hansley v. Clifford Fowler, Taylor Transport, Inc. and Arch Insurance Company SUCV2023000421 | Open State Court of Bartow County | Riley W. Snider Morgan & Morgan 178 S Main St. Unit 300 Alpharetta, GA 30009 |

-5-

5381983.3

| | | |
|---|---|---|
| Heyden Supply v. Lindsey Bott<br>24EV006322 | Hon. Jane Morrison<br>State Court of Fulton County | W. Curtis Anderson<br>DOWNEY & CLEVELAND, LLP<br>288 Washington Avenue<br>Marietta, GA 30060 |
| Timothy Holmes v. Hibbett Retail, Inc., Hibbett, Inc., and Jolen Walker | Hon. Veronica Cope<br>State Court of Gwinnett County | Frank Ilardi<br>ILARDI LAW, LLC<br>1201 Peachtree Street, NE<br>Suite 2000<br>Atlanta, GA 30361 |
| Charles Johnson, Individually As spouse and for the children of Myrtice Johnson, Deceased | Open<br>Wayne County Superior Court | Joe Harrison Wade II<br>Morgan & Morgan Law Firm<br>200 Stephenson Ave, Suite 200<br>Savannah, GA 31405 |
| Maria Lee v. Christopher Aikens, et al. 24-A-2400 | Hon. Maria B. Golick<br>State Court of Cobb County | Michael A. Johnson<br>Rob Loar<br>Christopher K. Provost<br>Witherite Law Group<br>Bank of America Plaza<br>600 Peachtree Street, NE<br>Suite 4010<br>Atlanta, GA 30308 |
| William Kyle Lee and Douglas Asphalt Materials, LLC v. Southeast Logging, Inc., Benjamin Hayes and Accredited Surety & Casualty Co., Inc.<br>CV20230255 | Hon. Bart G. Altman<br>State Court of Glynn County | Brent J. Savage<br>James H. Wilson, III<br>Savage, Turner, Pinckney<br>Savage & Sprouse<br>P.O. Box 10600<br>Savannah, GA 31412 |
| James J. Lively v. Strother Timber Company, LLC, et al<br>24CV008602 | Hon. Ural Glanville<br>Superior Court of Fulton County | George Bush<br>GEORGE BUSH LAW, PC<br>2603 Commons Blvd, Suite A<br>Augusta, GA 30909 |
| Antonio Maldonado v. Sean T. Denley and Tennessee Steel Haulers, Inc.<br>2023-CV-0006 | Open<br>Superior Court of Atkinson County | Mark W. Nonni<br>Barrett Nonni Homola & Ferraro, PLLC<br>410 N Gadsden St.<br>Tallahassee, FL 32301 |

-6-

| | | |
|---|---|---|
| Briana Marshall v. HMD Trucking, Inc. and Bradley Whitwell<br>25EV002064 | Hon. Patsy Porter<br>State Court of Fulton County | John Hooven<br>RAFI LAW FIRM<br>1776 Peachtree Road NE<br>Suite 423-S<br>Atlanta, GA 30309 |
| Daniel Montgomery v. Jerome Robinson, Pace USA, Inc., Arch Insurance Company and ABC Corporation<br>2024CV03687 | Open<br>State Court of Clayton County | Alec K. Jackson<br>A.K. Jackson Law, LLC<br>4751 Best Road<br>Suite 173<br>Atlanta, GA 30337 |
| Fuad Musa v. Mesganaw Grima and T&M Trucking Service, LLC<br>24A07489 | Hon. Mike Jacobs<br>State Court of Dekalb County | Michael Drake<br>DRAKE LEGAL<br>3355 Lenox Road NE<br>Suite 1000<br>Atlanta, GA 30326 |
| Johnny Norman v. Emilio Hodge & Custom Ecology<br>24A01809 | Hon. Kimberly Anderson<br>State Court of Dekalb County | William Pate<br>WITHERITE LAW GROUP<br>600 Peachtree Street NE<br>Suite 4010<br>Atlanta, GA 30308 |
| Tina L. Perkins v. James T. Hill, et al.<br>2024SV001300 | Hon. John G. Breakfield<br>State Court of Hall County | Nancy Anderson<br>Morgan & Morgan Atlanta, PLLC<br>408 12th Street<br>Columbus, GA 31901 |
| Bill Reddick v. US Xpress Leasing, Inc.<br>SUCV2024000105 | Open<br>Superior Court of Hancock County | Pro Se<br>Billy Reddick<br>15540 Ga Highway 22<br>Sparta, GA 31087 |
| Cregg Rockett v. Early Trucking Company, ETC Independent Contractors, Inc., and Arch Insurance Company<br>2025V-009 | Open<br>Superior Court of Early County | Joshua A. Carroll<br>Buzzell, Welsh & Hill, LLP<br>200 Third Street<br>PO Box 1017<br>Macon, GA 31202 |

| | | |
|---|---|---|
| Brian Rowls v. Summerford Truck Line, Inc., et al. STCV24-01534 | Hon. Gregory Sapp State Court of Chatham County | Christy Crowe Childers Childers & McCain, L.L.C. 577 Mulberry Street, Suite 1520 P.O. Box 1752 Macon, Georgia 31202 |
| Rhonda Church-Scheil v. Dwight Young and Twin Rivers Trucking, LLC SUCA2023000079 | Hon. Jeffrey H. Kight Superior Court of Pierce County | Carson M. Alexander William Alexander Alexander & Alexander 222 Main Street Barnwell, SC 29812 |
| George Simmons v. Norman Davis and Williams Brothers Trucking STSV2024000225 | Hon. Jeffrey N. Osteen Superior State of Liberty County | Matthew L. Hilt MORGAN & MORGAN 200 Stephenson Avenue, Suite 200 Savannah, GA 31405 |
| Lilche Stafford v. Archer Western Construction, LLC and Arch Insurance Company | Hon. Veronica Cope State Court of Gwinnett County | Janelle E. Zabresky WLG Atlanta, LLC 600 Peachtree Street NE, Suite 4010 Atlanta, GA 30308 |
| State Farm Mutual Automobile Insurance Co. a/s/o Fortec, Inc. v. Stafford Transport of Louisiana d/b/a CEI 24-A-4306 | Hon. Diana Simmons State Court of Cobb County | Candace Boutwell Keisha Townsend BOUTWELL & ASSOCIATES 2280 Satellite Blvd, Building B Duluth, GA 30097 |
| State of Georgia v. Sebastian Coronado Bueno Citation No. 20244799 | Hon. Amber Roberts Probate Court of Crisp County | Heather Calhoun Cordele Judicial Circuit P.O. Box 5510 Cordele, GA 31010 |
| State of Georgia v. William Duverglas Citation No. E05116777 | Open Municipal Court of the City of Forsyth | Dustin M. Buttigieg Monroe County Solicitor's Office P.O. Box 760 Forsyth, GA 31029 |

5381983.3

| | | |
|---|---|---|
| State of Georgia v. Clifford R. Fowler<br>SUCR2022002656 | Hon. Suzanne H. Smith<br>Superior Court of Bartow County | Melissa Tatum<br>Bartow County District Attorney's Office<br>Cherokee Judicial Circuit<br>135 West Cherokee Avenue<br>Suite 368<br>Cartersville, GA 30120 |
| State of Georgia v. Randy White<br>Citation No. 910001890 | Open<br>Municipal Court of the City of Morrow | Jerry Patrick<br>1500 Morrow Road<br>Morrow, GA 30260 |
| Amanda Taylor v. Harry Sheppard<br>22A02951 | Hon. Amy Totenberg<br>State Court of Dekalb County | Anthony J. Petrozza<br>MORGAN & MORGAN<br>178 S. Main Street, Unit 300<br>Alpharetta, GA 30009 |
| Derrick Tibbs v. Stafford Transport of Michigan, Inc., d/b/a Custom Ecology, Inc., Rashaad Coleman, and  Nuovo Indemnity Risk Retention Group, Inc. | Hon. Patsy Porter<br>State Court of Fulton County | Daniel D. Ruiz<br>Rob Loar<br>Adewale Odetunde<br>WLG Atlanta, LLC<br>600 Peachtree Street, Suite 4010<br>Atlanta, GA 30308 |
| Kevin Michael Tilley v. FCCI Insurance Company, et al.<br>24-A-3098 | Hon. Diana Simmons<br>State Court of Cobb County | Charles Winfred Watwood, III<br>Lawbike Motorcycle Injury Lawyers<br>555 Sun Valley Drive<br>Ste J2<br>Roswell, GA 30076<br><br>Tyler Bryant Walker<br>Ariyaiana M. Haynes<br>Fields Howell, LLP<br>665 8th Street NW<br>Atlanta, GA 30318<br><br>David W. Wallace<br>Law Office of Marcus A. Blackwell<br>3200 Windy Hill Road SE<br>Suite 1525E<br>Atlanta, GA 30339<br><br>William R. Gordon, Jr.<br>Downey & Cleveland, LLP<br>288 Washington Avenue |

-9-

| | | Marietta, GA 30060-1979 |
|---|---|---|
| Shawn Tisdale v. Tyler Workman a/k/a Kyle Aaron Workman and Aminila, LLC d/b/ba Marco's Pizza | Hon. Shawn F. Bratton State Court of Gwinnett County | C. Ron Smith C. Ron Smith Attorney at Law, LLC 170 Bastille Way, Suite C Fayetteville, GA 30214 |
| Brandon Todd v. Ora Dee Jordan SUV2023000686 | Open State Court of Ware County | Winston A. Edwards The Law Office of Bruce Edwards 303 E. Ward Street Douglas, Georgia 31533 D. Grant Coyle Griffin S. Stocks, IV E. Alan Miller, P.C. 2573 Apple Valley Road, NE Atlanta, Georgia 30319 |
| Oscar Vasquez and Diego Silveira v. Taylor Transport and Juan Montes 2024SV001441 | Hon. Kimberly Anderson State Court of Hall County | Chirag Patel CUADRA & PETEL, LLC 296 S Culver Street Lawrenceville, GA 30046 |
| Willie Williams v. Beemac, Inc. d/b/a Beemac Trucking, Huey Williams and Arch Insurance Co. 24EV008554 | Hon. Myra H. Dixon State Court of Fulton County | Adewale Odetunde Natalie Foster WITHERITE LAW GROUP 600 Peachtree Street NE, Suite 4010 Atlanta, GA 30308 |
| Lauriel Young v. Calvin Nesbitt, Richard Dixon, and B-H Transfer Co. 25-CG-0014-JG | Hon. Jud L. Green Superior Court of Laurens County | Corey Aitken Jan Cohen 4227 Pleasant Hill Road Building 11, Suite 300 Duluth, GA 30096 |

-10-

5381983.3

-11-

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document which sends notice to all parties and counsel listed above pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

This 24th day of April, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Blair J. Cash
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

-11-

5381983.3

**State Court of Fulton County**
**\*\*E-FILED\*\***
**25EV002064**
**5/23/2025 9:22 AM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BRIANA MARSHALL, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | NO. 25EV002064 |
| v. | ) | |
| | ) | |
| HMD TRUCKING, INC. and BRADLEY WHITWELL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify this day that I have served the following **1**.) *Defendants Bradley Whitwell and HMD Trucking, Inc.'s Responses to Plaintiff's First Requests for Admissions; 2.) Defendants Bradley Whitwell and HMD Trucking, Inc.'s Responses to Plaintiff's First Requests for Production of Documents; 3.) Defendant Bradley Whitwell's Responses to Plaintiff's First Interrogatories* upon all parties and attorneys of record by serving this document via email pursuant to U.S.C.R. 36.16(E) as follows:

Michael T. Rafi
Alexander J. Brown
John R. Hooven
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423 South
Atlanta, GA 30309
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com
*Attorneys for Plaintiff*

This the 23rd day of May, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Anna K. Beaton*
Blair J. Cash

5517423.1

Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*


MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
404-282-7837
470-480-7259 (Fax)

5517423.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document with eFileGA which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

Michael T. Rafi
Alexander J. Brown
John R. Hooven
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423 South
Atlanta, GA 30309
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com
*Attorneys for Plaintiff*

This the 23rd day of May, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Anna K. Beaton
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
404-282-7837
470-480-7259 (Fax)

5517423.1

**State Court of Fulton County**
**\*\*E-FILED\*\***
**25EV002064**
**6/2/2025 1:25 PM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BRIANA MARSHALL, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | NO. 25EV002064 |
| v. | ) | |
| | ) | |
| HMD TRUCKING, INC. and BRADLEY | ) | |
| WHITWELL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify this day that I have served the following **1.)** *Defendant HMD's Responses to Plaintiff's Interrogatories* upon all parties and attorneys of record by serving this document via email pursuant to U.S.C.R. 36.16(E) as follows:

Michael T. Rafi
Alexander J. Brown
John R. Hooven
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423 South
Atlanta, GA 30309
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com
*Attorneys for Plaintiff*

This the 2nd day of June, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Anna K. Beaton
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320

5524055.1

anna.beaton@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
404-282-7837
470-480-7259 (Fax)

5524055.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document with eFileGA which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

Michael T. Rafi
Alexander J. Brown
John R. Hooven
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423 South
Atlanta, GA 30309
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com
*Attorneys for Plaintiff*

This the 2nd day of June, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Anna K. Beaton*
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
404-282-7837
470-480-7259 (Fax)

5524055.1

State Court of Fulton County
**E-FILED**
25EV002064
6/11/2025 5:54 PM
Donald Talley, Clerk
Civil Division

To:        All Judges, Clerks of Court, and Counsel of Record
From:     Alexander J. Brown
Date:      June 11, 2025

_____

## Notice of Leave of Absence for Alex Brown

Alexander J. Brown respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.1:

1.    A list of the actions to be protected, including action numbers: see Exhibit 1, attached.

2.    The reason for the request is business related obligations, volunteer commitments, and personal vacations.

3.    The duration of the requested leave is:

    3.1.    April 3 - 4, 2025

    3.2.    May 1 – 2, 2025

    3.3.    July 1 – 5, 2025

    3.4.    September 22 - October 6, 2025

    3.5.    October 29 – 31, 2025

    3.6.    December 22 – 31, 2025

Under the Rule, opposing counsel shall have 10 days from the date of this Notice to object. If no objections are filed, the Leave of Absence will stand granted.


Submitted on June 11, 2025, by:


_____
**Rafi Law Firm LLC**                    Alexander J. Brown
1776 Peachtree Street NW          Georgia Bar No. 532112
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
brown@rafilawfirm.com

**Exhibit 1**

| Case Name/Case No. | Judge/Venue | Interested Counsel |
|---|---|---|
| Briana Marshall v. HMD Trucking, Inc. and Bradley Whitwell<br><br>Civil Action No. 25EV002064 | Honorable Judge Patsy Y. Porter<br>State Court of Fulton County<br>185 Central Avenue SW<br>Atlanta, GA 30303<br><br>Clerk of Court<br>State Court of Fulton County<br>185 Central Avenue SW<br>Atlanta, GA 30303 | Anna K. Beaton<br>Blair J. Cash<br>Moseley Marcinak Law Group LLP<br>PO Box 1688<br>Kennesaw, GA 30156 |

**State Court of Fulton County**
**\*\*E-FILED\*\***
**25EV002064**
**6/11/2025 5:54 PM**
**Donald Talley, Clerk**
**Civil Division**

To:        All Judges, Clerks of Court, and Counsel of Record
From:    Michael Rafi
Date:     June 11, 2025

_____

### Notice of Leave of Absence for Michael Rafi

Michael Rafi of Rafi Law Firm LLC respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.1:

1.    A list of the actions to be protected, including action numbers: see Exhibit 1, attached.

2.    The reason for the request is business related obligations, volunteer commitments, and personal vacations.

3.    This Notice of Leave supersedes any and all previously filed notices of leaves.

4.    The duration of the requested leave is:

    4.1.    June 30 – July 4, 2025;

    4.2.    July 7 – July 21, 2025;

    4.3.    August 27 – 29, 2025;

    4.4.    September 2 – 5, 2025;

    4.5.    September 29 – October 2, 2025;

    4.6.    November 24 – 28, 2025;

    4.7.    December 22, 2025 – January 5, 2026;

    4.8.    February 12 – 20, 2026;

    4.9.    March 11 – 17, 2026;

    4.10.    April 3 – 10, 2026;

    4.11.    May 29 – June 5, 2026.

Under the Rule, opposing counsel shall have 10 days from the date of this Notice to object. If no objections are filed, the Leave of Absence will stand granted.

Submitted on June 11, 2025, by:

M. Rafi

**Rafi Law Firm LLC**
1776 Peachtree Street NW
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
mike@rafilawfirm.com

Michael T. Rafi
Georgia Bar No. 127670

**Exhibit 1**

| Case Name/Case No. | Judge/Venue | Interested Counsel |
|---|---|---|
| Briana Marshall v. HMD Trucking, Inc. and Bradley Whitwell<br><br>Civil Action No. 25EV002064 | Honorable Judge Patsy Y. Porter<br>State Court of Fulton County<br>185 Central Avenue SW<br>Atlanta, GA 30303<br><br>Clerk of Court<br>State Court of Fulton County<br>185 Central Avenue SW<br>Atlanta, GA 30303 | Anna K. Beaton<br>Blair J. Cash<br>Moseley Marcinak Law Group LLP<br>PO Box 1688<br>Kennesaw, GA 30156 |

State Court of Fulton County
**E-FILED**
25EV002064
7/23/2025 4:34 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **Briana Marshall,** | Case No. 25EV002064 |
| Plaintiff, | |
| v. | **Plaintiff's Responses to Defendant HMD Trucking, Inc.'s First Request for Production of Documents** |
| **HMD Trucking, Inc. and Bradley Whitwell,** | |
| Defendants. | |

**Request 1:** All documents identified in your responses to HMD's first interrogatories.

*Response:* Plaintiff is producing responsive documents in her possession, custody, and control.

**Request 2:** All documents that you relied on or referred to in responding to HMD's first interrogatories.

*Response:* Plaintiff is producing responsive documents in her possession, custody, and control.

**Request 3:** For each person whom you expect to call as an expert witness at trial: a current CV; all documents sent to that person; all documents received from that person; all data or other information considered by that person in forming the opinions; all exhibits to be used as a summary of or support for the opinions; a list of all publications authored by that person within the preceding ten years; and a list of all cases in which that person has testified as an expert at trial or by deposition within the preceding four years.

*Response:* Plaintiff has not yet determined what experts, aside from treating physicians, she intends to call to testify at trial. Plaintiff will supplement this response. Plaintiff has no responsive documents in her possession, custody, and control.

**Request 4:** Your federal income tax returns for the past five years, including each supplement, amendment, and estate return.

*Response:* Plaintiff is not making a lost wage claim.

**Request 5:** Your state income tax returns for the past five years, including each supplement, amendment, and estate return.

*Response:* Plaintiff is not making a lost wage claim.

**Request 6:** All documents that reflect statements of any kind (i.e., oral, written, recorded, or videotaped) from each person who has knowledge relating to the incident.

*Response:* Plaintiff is producing the police report, CAD report, 911 audio, body cam footage taken at the scene, and HMD dash cam footage, and all medical records in her possession, custody, and control.

**Request 7:** All documents that reflect statements of any kind (i.e., oral, written, recorded, or videotaped) from each person who has knowledge relating to the events immediately before the incident.

*Response:* Plaintiff is producing the police report, CAD report, 911 audio, body cam footage taken at the scene, HMD dash cam footage, photos of Plaintiff's property damage, and all medical records in her possession, custody, and control.

**Request 8:** All documents that reflect statements of any kind (i.e., oral, written, recorded, or videotaped) from each person who has knowledge relating to the events immediately after the incident.

*Response:* Plaintiff is producing the police report, CAD report, 911 audio, body cam footage taken at the scene and all medical records in her possession, custody, and control.

**Request 9:** All documents that reflect statements of any kind (i.e., oral, written, recorded, or videotaped) from each person who has knowledge relating to your claims in this action.

*Response:* Plaintiff is producing the police report, CAD report, 911 audio, body cam footage taken at the scene and all medical records in her possession, custody, and control.

**Request 10:** All documents that reflect statements of any kind (i.e., oral, written, recorded, or videotaped) from each person who has knowledge relating to the injuries you claim to have sustained as a result of the incident.

*Response:* Plaintiff is producing the police report, CAD report, 911 audio, body cam footage taken at the scene and all medical records in her possession, custody, and control.

**Request 11:** All documents depicting or describing any person, place, or thing involved in this action (i.e., photographs, videotapes, diagrams, maps, drawings, charts, and other illustrations), including but not limited to the location where the incident occurred.

*Response:* Plaintiff is producing the police report, CAD report, 911 audio, body cam footage taken at the scene, HMD dash cam footage, and photos taken of Plaintiff's property damage.

**Request 12:** Each insurance policy under which you have or may have coverage for the incident.

*Response:* Plaintiff is producing her Dec page from Progressive Premier Insurance Co. of IL.

**Request 13:** All documents that reflect your cellular telephone usage on the date of the incident.

*Response:* Plaintiff has no responsive documents in her possession, custody, and control.

**Request 14:** All documents that reflect usage of a global positioning system ("GPS") unit (whether an individual GPS unit, a smartphone or iPhone with GPS capabilities, or any other vehicle tracking technology) on the date of incident.

*Response:* Plaintiff has no responsive documents in her possession, custody, and control.

**Request 15:** For each social network account you have (e.g., Facebook, Instagram, Twitter, Parler, LinkedIn, TikTok, Snapchat, etc.), a copy of each page and each photograph that includes your image for the period beginning two years before the Incident up to and including the present.

*Response:* Plaintiff objects to producing social media account information unless and

until Defendant makes the required showing. This is an impermissible fishing expedition, is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. See *Jewell v. Aaron's, Inc.*, No. 1:12-CV-0563-AT, 2013 U.S. Dist. LEXIS 102182, at *1, *8-9 (N.D. Ga July 19, 2013) (quoting *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 572 (C.D. Cal. 2012); *Keller v. National Farmer Union Property & Casualty Co.*, CV 12-72-M-DLC-JCL, 2013 WL 27731, at *3-4 (D. Mont. Jan. 2, 2013); *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012); *McCann v. Harleysville Ins. Co. of New York*, 78. A.D.3d 1524, 1525 (App. Div. 2010); *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 558 (D. Conn. 2006). Subject to the foregoing, Plaintiff has an Instagram account under the name "1mochaqtie" and a LinkedIn account under her name "Briana Marshall".

**Request 16:** A copy of each Facebook page and post, as well as any photograph on Facebook that includes your image or in which you are "tagged," for the period beginning one year before the incident up to and including the present.

*Response:* Plaintiff objects to producing social media account information unless and until Defendant makes the required showing. This is an impermissible fishing expedition, is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. See *Jewell v. Aaron's, Inc.*, No. 1:12-CV-0563-AT, 2013 U.S. Dist. LEXIS 102182, at *1, *8-9 (N.D. Ga July 19, 2013) (quoting *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 572 (C.D. Cal. 2012); *Keller v. National Farmer Union Property & Casualty Co.*, CV 12-72-M-DLC-JCL, 2013 WL 27731, at *3-4 (D. Mont. Jan. 2, 2013); *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012); *McCann v. Harleysville Ins. Co. of New York*, 78. A.D.3d 1524, 1525 (App. Div. 2010); *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 558 (D. Conn. 2006). Subject to the foregoing, Plaintiff has an Instagram account under the name "1mochaqtie" and a LinkedIn account under her name "Briana Marshall".

**Request 17:** A copy of the certificate of title for the vehicle you were driving at the time of the incident.

*Response:* Plaintiff has no responsive documents in her possession, custody, and control.

**Request 18:** All documents that reflect damage to the vehicle you were driving at the time of the incident.

*Response:* Plaintiff is producing photos of her property damage and HMD dash cam footage.

**Request 19:** For the 12-month period immediately before the incident, all documents that reflect maintenance or repairs performed on the vehicle you were driving at the time of the incident.

*Response:* Plaintiff has no responsive documents in her possession, custody, and control.

**Request 20:** All documents that reflect any payment from an insurance company or any other source for the damage to the vehicle you were driving at the time of the incident.

*Response:* Plaintiff has no responsive documents in her possession, custody, and control.

**Request 21:**  All documents that reflect any payment from an insurance company or any other source for the injuries which you contend resulted from the incident.

*Response:* Plaintiff is producing all medical bills in her possession, custody, and control.

**Request 22:** A current photograph of you.

*Response:* Plaintiff is producing a photo of her ID.

**Request 23:** All documents that reflect any investigation relating to the incident.

*Response:* Plaintiff is producing the police report, CAD report, 911 audio, body cam footage taken at the scene, HMD dash cam footage, and all medical records in her possession, custody, and control.

**Request 24:** All documents that reflect any investigation relating to the defendants named in this action, their employees or family members, or their property, including but not limited to photographs and videotapes.

*Response:* Plaintiff is producing dash cam footage from Defendant's vehicle.

**Request 25:** All documents that reflect communications between you and any of the defendants named in this action, including but not limited to any of their current or former agents, employees, or representatives.

*Response:* Plaintiff has no responsive documents in her possession, custody, and control.

**Request 26:** All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in the incident.

*Response:* Plaintiff is producing the police report which contains a diagram of the Crash, body cam footage taken at the scene, dash cam footage taken from Defendant's vehicle, and photos of Plaintiff's vehicle.

**Request 27:** All documents that support your contention that the defendants named in this action bear fault for the incident.

*Response:* Plaintiff objects because this Request is improper at this stage of the discovery process. Requests that ask a party to provide all documents and evidence on which it bases an allegation are "contention" based. See *In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328, 332-33 (N.D. Cal. 1985); *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (defining such discovery as contention interrogatories). Contention requests "should be propounded, if at all, only after the close of discovery." *McCarthy*, 168 F.R.D. at 449.

Moreover, contention requests seeking work product material should not be answered until the propounding party shows a substantial need. See *Hickman v. Taylor*, 329 U.S. 495 (1947). Until Plaintiff has the opportunity to obtain and analyze all discoverable documents and examine relevant witnesses, Plaintiff cannot provide a full and complete response. Plaintiff is producing the police report, body cam footage taken at the scene, dash cam footage taken from Defendant's vehicle, and photos of Plaintiff's vehicle.

**Request 28:** All documents that support your contention that the defendants named in this action breached a duty to you with respect to the incident.

*Response:* Plaintiff objects because this Request is improper at this stage of the discovery process. Requests that ask a party to provide all documents and evidence on which it bases an allegation are "contention" based. See *In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328, 332-33 (N.D. Cal. 1985); *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (defining such discovery as contention interrogatories).

Contention requests "should be propounded, if at all, only after the close of discovery." *McCarthy*, 168 F.R.D. at 449.

Moreover, contention requests seeking work product material should not be answered until the propounding party shows a substantial need. See *Hickman v. Taylor*, 329 U.S. 495 (1947). Until Plaintiff has the opportunity to obtain and analyze all discoverable documents and examine relevant witnesses, Plaintiff cannot provide a full and complete response.

**Request 29:** All documents that support your contention that the defendants named in this action violated a statute, ordinance, rule, regulation, or other law with respect to the incident.

*Response:* Plaintiff objects because this Request is improper at this stage of the discovery process. Requests that ask a party to provide all documents and evidence on which it bases an allegation are "contention" based. See *In re Convergent Technologies Securities Litig.*, 108 F.R.D. 328, 332-33 (N.D. Cal. 1985); *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (defining such discovery as contention interrogatories). Contention requests "should be propounded, if at all, only after the close of discovery." *McCarthy*, 168 F.R.D. at 449.

Moreover, contention requests seeking work product material should not be answered until the propounding party shows a substantial need. See *Hickman v. Taylor*, 329 U.S. 495 (1947). Until Plaintiff has the opportunity to obtain and analyze all discoverable documents and examine relevant witnesses, Plaintiff cannot provide a full and complete response.

**Request 30:** All documents in your possession, custody, or control that are relevant to the allegations in the complaint in this action.

*Response:* Plaintiff is producing all responsive documents in her possession, custody, and control.

**Request 31:** A copy of your driver's license or state identification card at the time of the incident.

*Response:* Plaintiff is producing a photo of her ID.

**Request 32:** A copy of your current driver's license or state identification card.
*Response:* Plaintiff is producing a photo of her ID.

**Request 33:** All documents relating to any claim that you have made for benefits or payments relating to the injuries you claim to have sustained as a result of the incident.
*Response:* Plaintiff is producing all medical bills in her possession, custody, and control.

**Request 34:** All documents relating to any treatment you sought or received for the injuries you claim to have sustained as a result of the incident, including but not limited to medical bills, prescription or medication charges, claims for payment, correspondence to or from healthcare providers or healthcare facilities, admission and discharge forms, medical reports, correspondence to or from insurance companies, letters, diaries, calendars, and notes.
*Response:* Plaintiff is producing all medical records in her possession, custody, and control.

**Request 35:** All documents relating to each element of damages you claim in this action.
*Response:* Plaintiff is producing all medical bills in her possession, custody, and control.

**Request 36:** All documents relating to expenses you have incurred as a result of the incident.
*Response:* Plaintiff is producing all medical bills in her possession, custody, and control.

**Request 37:** All photographs, videotapes, and other graphic images in whatever form that show your injury, illness, condition, or disability allegedly sustained as a result of the incident, including "day in the life" photographs or videotapes.
*Response:* Plaintiff is producing body cam footage taken at the scene, dash cam footage taken from Defendant's vehicle, and photos of Plaintiff's vehicle.

**Request 38:** All diaries, journals, correspondence, and other personal notes kept by you that relate to the incident or your claims.

*Response:* Plaintiff has no responsive documents in her possession, custody, and control.

**Request 39:** All documents and other tangible things that you intend to introduce into evidence or otherwise use at any trial of this action.

*Response:* Plaintiff is producing all responsive documents in her possession, custody, and control.

**Request 40:** A signed and notarized copy of the authorization for release of your medical records, which is attached. Note: Authorization must be hand signed by Plaintiff. DocuSign signatures are not valid.

*Response:* Plaintiff objects to Defendants request no. 40 on grounds it exceeds the scope of O.C.G.A. § 9-11-34, the purpose of which is "[t]o produce and permit the party making the request, …, to inspect and copy any designated documents…, or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of subsection (b) of Code Section 9-11-26." O.C.G.A. § 9-11-34 does not, therefore, require a party to create a document or record, or to sign a form submitted by another party, especially when other avenues are available with which to secure the requested information from a third-party. As no such document or tangible thing exists at this time, Defendant's request no. 40 does not fall within the province of the Georgia Civil Practice Act and Plaintiff possesses no document responsive to same.

**Request 41:** A signed and notarized copy of the authorization for release of your academic records, which is attached. Note: Authorization must be hand signed by Plaintiff. DocuSign signatures are not valid.

*Response:* Plaintiff objects to Defendants request no. 41 on grounds it exceeds the scope of O.C.G.A. § 9-11-34, the purpose of which is "[t]o produce and permit the party making the request, …, to inspect and copy any designated documents…, or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of subsection (b) of Code Section 9-11-26." O.C.G.A. § 9-11-34 does not, therefore, require a party to create a document or record, or to sign a form submitted by

another party, especially when other avenues are available with which to secure the requested information from a third-party. As no such document or tangible thing exists at this time, Defendant's request no. 41 does not fall within the province of the Georgia Civil Practice Act and Plaintiff possesses no document responsive to same.

**Request 42:** A signed and notarized copy of the authorization for release of your employment records, which is attached. Note: Authorization must be hand signed by Plaintiff. DocuSign signatures are not valid.

*Response:* Plaintiff objects to Defendants request no. 42 on grounds it exceeds the scope of O.C.G.A. § 9-11-34, the purpose of which is "[t]o produce and permit the party making the request, …, to inspect and copy any designated documents…, or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of subsection (b) of Code Section 9-11-26." O.C.G.A. § 9-11-34 does not, therefore, require a party to create a document or record, or to sign a form submitted by another party, especially when other avenues are available with which to secure the requested information from a third-party. As no such document or tangible thing exists at this time, Defendant's request no. 42 does not fall within the province of the Georgia Civil Practice Act and Plaintiff possesses no document responsive to same.

**Request 43:** A signed and notarized copy of the authorization for release of your insurance records, which is attached. Note: Authorization must be hand signed by Plaintiff. DocuSign signatures are not valid.

*Response:* Plaintiff objects to Defendants request no. 43 on grounds it exceeds the scope of O.C.G.A. § 9-11-34, the purpose of which is "[t]o produce and permit the party making the request, …, to inspect and copy any designated documents…, or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of subsection (b) of Code Section 9-11-26." O.C.G.A. § 9-11-34 does not, therefore, require a party to create a document or record, or to sign a form submitted by another party, especially when other avenues are available with which to secure the requested information from a third-party. As no such document or tangible thing exists at this time, Defendant's request no. 43 does not fall within the province of the Georgia Civil Practice Act and Plaintiff possesses no document responsive to same.

**Request 44:** A signed copy of the authorization for release of your tax records (IRS Form 4506-T), which is attached. Note: Authorization must be hand signed by Plaintiff. DocuSign signatures are not valid.

*Response:* Plaintiff objects to Defendants request no. 44 on grounds it exceeds the scope of O.C.G.A. § 9-11-34, the purpose of which is "[t]o produce and permit the party making the request, …, to inspect and copy any designated documents…, or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of subsection (b) of Code Section 9-11-26." O.C.G.A. § 9-11-34 does not, therefore, require a party to create a document or record, or to sign a form submitted by another party, especially when other avenues are available with which to secure the requested information from a third-party. As no such document or tangible thing exists at this time, Defendant's request no. 44 does not fall within the province of the Georgia Civil Practice Act and Plaintiff possesses no document responsive to same.

**Request 45:** A signed copy of the authorization for release of your social security disability records (SSA Form 3288), which is attached. Note: Authorization must be hand signed by Plaintiff. DocuSign signatures are not valid.

*Response:* Plaintiff objects to Defendants request no. 45 on grounds it exceeds the scope of O.C.G.A. § 9-11-34, the purpose of which is "[t]o produce and permit the party making the request, …, to inspect and copy any designated documents…, or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of subsection (b) of Code Section 9-11-26." O.C.G.A. § 9-11-34 does not, therefore, require a party to create a document or record, or to sign a form submitted by another party, especially when other avenues are available with which to secure the requested information from a third-party. As no such document or tangible thing exists at this time, Defendant's request no. 45 does not fall within the province of the Georgia Civil Practice Act and Plaintiff possesses no document responsive to same.

**Request 46:** A signed copy of the request for motor vehicle report (MVR), which is attached. Note: Authorization must be hand signed by Plaintiff. DocuSign signatures are not valid.

- 11 -

*Response:* Plaintiff objects to Defendants request no. 46 on grounds it exceeds the scope of O.C.G.A. § 9-11-34, the purpose of which is "[t]o produce and permit the party making the request, ..., to inspect and copy any designated documents..., or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of subsection (b) of Code Section 9-11-26." O.C.G.A. § 9-11-34 does not, therefore, require a party to create a document or record, or to sign a form submitted by another party, especially when other avenues are available with which to secure the requested information from a third-party. As no such document or tangible thing exists at this time, Defendant's request no. 46 does not fall within the province of the Georgia Civil Practice Act and Plaintiff possesses no document responsive to same.

Submitted on July 23, 2025, by:

**Rafi Law Firm LLC**                           Michael T. Rafi
1776 Peachtree Street NW                 Georgia Bar No. 127670
Suite 423-South                                   Alexander J. Brown
Atlanta, GA 30309                              Georgia Bar No. 532112
404-800-9933                                      John R. Hooven
470-344-3425 fax                               Georgia Bar No. 429489
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com                 **Attorneys for Plaintiff**

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **Briana Marshall,** | Case No. 25EV002064 |
| Plaintiff, | |
| v. | |
| **HMD Trucking, Inc. and Bradley Whitwell,** | **Certificate of Service** |
| Defendants. | |

I certify I electronically filed the foregoing document with the Court's electronic filing system. I certify the following parties or their counsel are registered with the electronic filing system and will be served by the system:

Anna K. Beaton
Blair J. Cash
Moseley Marcinak Law Group LLP
PO Box 1688
Kennesaw, GA 30156
Blair.cash@momarlaw.com
Anna.beaton@momarlaw.com

Submitted on July 23, 2025, by:

John Hooven

| | |
|---|---|
| **Rafi Law Firm LLC** | Michael T. Rafi |
| 1776 Peachtree Street NW | Georgia Bar No. 127670 |
| Suite 423-South | Alexander J. Brown |
| Atlanta, GA 30309 | Georgia Bar No. 532112 |
| 404-800-9933 | John R. Hooven |
| 470-344-3425 fax | Georgia Bar No. 429489 |
| mike@rafilawfirm.com | |
| brown@rafilawfirm.com | |
| hooven@rafilawfirm.com | **Attorneys for Plaintiff** |

- 13 -

State Court of Fulton County
**E-FILED**
25EV002064
7/23/2025 4:34 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **Briana Marshall,** | Case No. 25EV002064 |
| Plaintiff, | |
| v. | |
| **HMD Trucking, Inc. and Bradley Whitwell,** | **Rule 5.2 Certificate of Service** |
| Defendants. | |

Pursuant to Uniform Superior Court Rule 5.2(2), I certify that the following documents were served upon Defendants:

1. Plaintiff's Responses to Defendant HMD Trucking, Inc's First Interrogatories.

2. Plaintiff's Responses to Defendant HMD Trucking, Inc's First Request for Production of Documents.

Submitted on July 23, 2025, by:

**Rafi Law Firm LLC**　　　　　　　　　Michael T. Rafi
1776 Peachtree Street NW　　　　　　Georgia Bar No. 127670
Suite 423-South　　　　　　　　　　　Alexander J. Brown
Atlanta, GA 30309　　　　　　　　　　Georgia Bar No. 532112
404-800-9933　　　　　　　　　　　　John R. Hooven
470-344-3425 fax　　　　　　　　　　Georgia Bar No. 429489
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com　　　　　　**Attorneys for Plaintiff**

State Court of Fulton County
**E-FILED**
25EV002064
7/23/2025 4:34 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **Briana Marshall,** | Case No. 25EV002064 |
| Plaintiff, | |
| v. | **Plaintiff's Responses to Defendant HMD Trucking, Inc.'s First Interrogatories** |
| **HMD Trucking, Inc. and Bradley Whitwell,** | |
| Defendants. | |

**Interrogatory 1:** Identify yourself by stating your full name; all other names by which you have been known (including but not limited to maiden name, aliases, and nicknames); your date and place of birth; your Social Security Number (if you have used more than one, include each number and the dates on which you used it); and your Health Insurance Claim Number (HICN).

*Response:*

- Briana Arielle Marshall Pless.
- Plaintiff has gone by her maiden name "Briana Arielle Marshall".
- Plaintiff was born in Atlanta, Georgia.
- Plaintiff will produce her social security number and date of birth through private correspondence.
- Plaintiff carries health insurance through Cigna Health and Life Insurance Co.

**Interrogatory 2:** State whether you have ever been eligible for, applied for, enrolled in, or received benefits from Medicare, Medicaid, Temporary Assistance for Needy Families (TANF) and/or Electronic Benefits Transfer (EBT), or Social Security Disability Income. If your answer is affirmative, identify (a) each benefit by name and by type (i.e., hospital, medical, medication or prescription, disability, etc.); (b) the date of your eligibility, application, enrollment, or receipt of benefits; and (c) each payee and the date and amount paid.

*Response:* To the best of Plaintiff's memory, she applied for EBT in 2017 and in January 2025, both applications were denied. Plaintiff's children have health insurance through Amerigroup, a peach state health plan.

**Interrogatory 3:** State your current home address and each location where you have resided during the past fifteen years (including the street address, apartment or unit number, city, state, and zip code and the dates you resided at each address); and for each, identify every person (and your relationship to that person) who resided with you.
*Response:*

- 1144 Cool Spring Drive NW, Kennesaw, GA 30144 (2019 – current); Plaintiff lives at this location with her husband, Robert Pless, and her two children,  Ariya Pless (7) and Cameron Pless (7).
- 2045 Villages at Lake Park, Apt I, Smyrna 30080.
- 5250 Highway 138, Apt A, Union City, GA 30291.

**Interrogatory 4:** Beginning with high school (or ninth grade equivalent), identify each school that you have attended, including but not limited to educational, vocational and technical training programs; and for each, include the name and address, dates of attendance, course of study, and degrees or certificates received.
*Response:*

- Plaintiff graduated from Creekside High School, located at 7405 Herndon Road, Fairburn, GA 30213, in 2005.
- Plaintiff obtained her associates degree from Westwood College- Atlanta, located at 231 Peachtree St NE, Atlanta, GA 30303, in 2015.
- Plaintiff obtained her bachelor's in business management from National American University in 2017.

**Interrogatory 5:** Describe your employment history during the past fifteen years; and for each job that you have held, include the name and address of the employer, the dates of employment, your position or title, your salary or compensation, and the reason you left.

*Response:*

- Concessions International, LLC; 2077 Convention Center Concourse, Suite 460, College Park, Georgia 30337; Role: Treasury Analysist; (2023 – Current)
- Bank of America in College Park, Georgia; Role: Account Specialist; (2011 – 2023)

**Interrogatory 6:** State your total annual gross income during the past five years; and identify each source of income.

*Response:* Plaintiff is not making a lost wage claim.

**Interrogatory 7:** Identify each internet social networking site that you have used during the past five years (e.g., Facebook, Instagram, Twitter, Parler, LinkedIn, TikTok, Snapchat, etc.); and for each, include the name and address of the service provider and account-holder, your user name or avatar, the internet address where the account is/was available, and the dates during which you used the account.

*Response:* Plaintiff objects to producing social media account information unless and until Defendant makes the required showing. This is an impermissible fishing expedition, is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. See Jewell v. Aaron's, Inc., No. 1:12-CV-0563-AT, 2013 U.S. Dist. LEXIS 102182, at *1, *8-9 (N.D. Ga July 19, 2013) (quoting Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 572 (C.D. Cal. 2012); Keller v. National Farmer Union Property & Casualty Co., CV 12-72-M-DLC-JCL, 2013 WL 27731, at *3-4 (D. Mont. Jan. 2, 2013); Tompkins v. Detroit Metro. Airport, 278 F.R.D. 387, 388 (E.D. Mich. 2012); McCann v. Harleysville Ins. Co. of New York, 78. A.D.3d 1524, 1525 (App. Div. 2010); Favale v. Roman Catholic Diocese of Bridgeport, 235 F.R.D. 553, 558 (D. Conn. 2006). Subject to the foregoing, Plaintiff has an Instagram account under the name "1mochaqtie" and a LinkedIn account under her name "Briana Marshall".

**Interrogatory 8:** Identify all vehicles, including the make, model, model year, color, tag number, and license plate number and state issued, driven by anyone who resides at your address, and identify the primary driver of each vehicle.

*Response:*

- Plaintiff owns a 2019 Range Rover Sport; color: black; license plate: DBU6291

- 3 -

- Plaintiff's husband, Robert Pless, owns a 2018 BMW 7 Series; color: black; license plate: YFA268

**Interrogatory 9:** Identify each health care provider who has treated you during the past fifteen years; and for each, include the date of your last visit and the reason for treatment.

*Response:* Plaintiff objects on grounds that this request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff cannot possibly remember every facility that she may have visited over the years, but to the best of her memory she treated at the following medical facilities:

- Kaiser Permanente; Plaintiff uses this facility for her primary care facility and as her OBGYN.
- Plaintiff does not recall what facility she used but underwent a tummy tuck procedure in 2021 in Atlanta, Georgia.

**Interrogatory 10:** State whether you have ever been injured (to the point where you sought or received treatment from a health care professional) during the past fifteen years; if so, describe each injury and how it occurred, state the date and place of onset, identify each person from whom you sought or received treatment, and state whether you have made a claim for any such injury and against whom the claim was made.

*Response:* To the best of Plaintiff's memory, no.

**Interrogatory 11:** State whether you suffered from any mental or physical handicap, disability, impairment, limitation, or disease before or at the time of the incident; if so, state the date of onset and describe each condition and all treatment sought or received, including the dates of treatment and the names and addresses of the health care providers.

*Response:* Plaintiff is not a medical doctor, and to the best of her understanding suffered from injuries to her back. Plaintiff defers to her medical records and medical treatment providers to state her specific diagnoses.

**Interrogatory 12:** Describe your activities during the 48-hour period immediately before the incident; and for each activity, identify the location and each person who was present.

*Response:* To the best of Plaintiff's memory, 48 hours before the Crash Plaintiff woke up and took her children to school. When she returned home after dropping off, she logged onto her computer and worked from home until around 2:00 PM. Plaintiff then went back to pick up her children from school then continued with more work until around 5:00 PM. After, Plaintiff cooked dinner for her family and then got her children ready for bed, then went to bed herself. The morning of the Crash Plaintiff woke up and took her children to school. She then returned home and got ready to go into her office. Plaintiff left her home and stopped at Martins to pick up breakfast before continuing with her commute to work. As Plaintiff drove to work the Crash occurred.

**Interrogatory 13:** State whether you consumed or ingested any alcohol, medication, or drug (whether legal or illegal) during the 24-hour period immediately before the incident; if so, state the kind and quantity of each substance; the date, time, and place where you consumed each substance; and identify each person who was present or has knowledge of your consumption of each substance.

*Response:* To the best of Plaintiff's memory, no.

**Interrogatory 14:** Describe, in detail, how the incident occurred, including whether you were using a cellular telephone, BlackBerry, or PDA, and all statements made by you or anyone else during or immediately before and after the incident.

*Response:* Plaintiff was driving southbound on Highway 285 in the left-hand lane. Defendant Whitwell was driving ahead of Plaintiff on Highway 285 in the right-hand lane. At the aforementioned time, Defendant Whitwell unexpectedly changed lanes, colliding with Plaintiff's vehicle. To the best of Plaintiff's memory, she was not using her cell phone.

**Interrogatory 15:** State whether you were working at the time of the incident; if so, state the name and address of your employer, the time you started work that day, the time

you were due to get off work that day, the purpose of your trip, and the time you were due at your destination.

*Response:* Plaintiff was not working at the time of the Crash.

**Interrogatory 16:** State whether you sustained any injuries as a result of the incident; if so, describe each injury and identify each person who has treated you for those injuries and each person who has knowledge or information about your injuries.

*Response:* Plaintiff is not a medical doctor, and to the best of her understanding suffered from injuries to her back. Plaintiff defers to her medical records and medical treatment providers to state her specific diagnoses.

**Interrogatory 17:** State whether you have limited or discontinued any activity or have suffered any loss or limited enjoyment out of life as a result of the incident; if so, describe the nature of the activity, limitation, or loss of enjoyment of life.

*Response:* Plaintiff can better and more fully describe the way her injuries have negatively impacted her life during a deposition. In general, and for example, Plaintiff suffers from constant pain in her back. Plaintiff has difficulty sitting or standing for long periods of time. Plaintiff has a hard time completing household tasks such as laundry or cleaning. Plaintiff also has to limit her activity with her children due to her pain.

**Interrogatory 18:** State your current 10-digit home and cellular telephone numbers and, if they were different, your 10-digit home and cellular telephone numbers at the time of the incident; and for each, include the name and address of the service provider and the account-holder.

*Response:* 404-951-2743; AT&T; Plaintiff's husband, Robert Pless, is the account holder.

**Interrogatory 19:** Identify each statement (oral, written, recorded, or videotaped) made by any person who has knowledge relating to the incident or your claims; and for each, state the date on which the statement was made and identify the person who gave the statement, the person who took or received the statement, and the person who has possession, custody, or control of the statement.

*Response:* Plaintiff objects to the extent this seeks statements made by her to her counsel which are protected by the attorney-client privilege. Plaintiff is withholding statements

- 6 -

that she made to her counsel pursuant to her objection. Subject to that objection, Plaintiff is producing the following which contain statements or summaries of statements made:

- Plaintiff's medical records
- Police report
- Body cam footage
- 911 audio

**Interrogatory 20:** State whether you or a member of your immediate family has ever been a party in a legal proceeding, including but not limited to a civil lawsuit, claim for workers' compensation benefits, Social Security benefits, bankruptcy proceeding, or criminal proceeding; if so, for each, state the case style and number, the role or capacity that you or your family member had (i.e., plaintiff, defendant, petitioner, etc.), the court or administrative body where the proceeding is/was pending, and the outcome.
*Response:* To the best of Plaintiff's knowledge, her husband, Robert Pless, was involved in a personal injury claim after a motor vehicle crash in South Fulton, Georgia in 2010. Plaintiff does not know any information about the suit.

**Interrogatory 21:** State whether you have testified under oath (whether in court, by deposition, by affidavit, or otherwise); if so, state the case style and number, the court or administrative body where the action or proceeding was pending, the nature of the case, and your role or capacity in the case (i.e., plaintiff, defendant, non-party witness).
*Response:* To the best of Plaintiff's memory, no.

**Interrogatory 22:** State whether you have received payment from an insurance company or any other source for the injuries which you contend resulted from the incident; if so, identify the source of the payment and state the date and amount paid.
*Response:* To the best of Plaintiff's knowledge, Cigna may have covered some or all of Plaintiff's medical treatment. See medical bills being produced.

**Interrogatory 23:** State whether you have ever been arrested, charged, convicted, or entered a plea of guilty or nolo contendere (no contest) for any crime, including but not limited to traffic violations; if so, describe the nature of the offense; the date of arrest,

- 7 -

charge, or conviction; the name and location of the court; the disposition of the charge; and the fine or penalty imposed (including all relevant dates).

*Response:* To the best of Plaintiff's memory, no.

**Interrogatory 24:** Identify all documents you relied on or referred to in responding to these interrogatories.

*Response:*  Plaintiff is producing all responsive documents in her possession, custody, and control.

**Interrogatory 25:** State whether you have obtained any loans from any litigation finance companies. If so, please identify the name and address of each company, the amount of each loan, the interest rate and the repayment terms.

*Response:* To the best of Plaintiff's knowledge, no.

Submitted on July 23, 2025, by:

**Rafi Law Firm LLC**                        Michael T. Rafi
1776 Peachtree Street NW                     Georgia Bar No. 127670
Suite 423-South                              Alexander J. Brown
Atlanta, GA 30309                            Georgia Bar No. 532112
404-800-9933                                 John R. Hooven
470-344-3425 fax                             Georgia Bar No. 429489
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com                       **Attorneys for Plaintiff**

- 8 -

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **Briana Marshall,** | Case No. 25EV002064 |
| Plaintiff, | |
| v. | |
| **HMD Trucking, Inc. and Bradley Whitwell,** | **Certificate of Service** |
| Defendants. | |

I certify I electronically filed the foregoing document with the Court's electronic filing system. I certify the following parties or their counsel are registered with the electronic filing system and will be served by the system:

Blair J. Cash
Anna K. Beaton
Moseley Marcinak Law Group LLP
PO Box 1688
Kennesaw, GA 30156
Blair.cash@momarlaw.com
Anna.beaton@momarlaw.com

Submitted on July 23, 2025, by:

**Rafi Law Firm LLC**
1776 Peachtree Street NW
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com

Michael T. Rafi
Georgia Bar No. 127670
Alexander J. Brown
Georgia Bar No. 532112
John R. Hooven
Georgia Bar No. 429489

**Attorneys for Plaintiff**

- 9 -

State Court of Fulton County
**E-FILED**
25EV002064
9/23/2025 3:11 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

BRIANA MARSHALL,                           )
                                           )
            Plaintiffs,                    )
                                           )
v.                                         )           CIVIL ACTION FILE
                                           )           NO. 25EV002064
HMD TRUCKING, INC. and BRADLEY             )
WHITWELL,                                  )
                                           )
            Defendants.                    )
                                           )

**NOTICE OF INTENT TO SERVE SUBPOENA**

COME NOW Defendants, by and through their attorneys of record and file this Notice of

Intent to Serve Subpoenas upon the following:

- Bell South/AT&T;

- Georgia Department of Driver Services.

Copies of the subpoenas issued to these entities are attached hereto.

This 23rd day of September, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Anna K. Beaton
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
Attorneys for Defendants

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
912-581-2900
470-480-7259 (Fax)

5605500.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document with the Court's electronic filing platform which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

Michael T. Rafi
Alexander J. Brown
John R. Hooven
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423 South
Atlanta, GA 30309
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com
*Attorneys for Plaintiff*

This 23rd day of September, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Anna K. Beaton*
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
912-581-2900
470-480-7259 (Fax)

5605500.1

***SUBPOENA FOR PRODUCTION OF EVIDENCE***

State of Georgia, Clayton County

TO:    AT&T Subpoena Center
208 S. Akard Street, 10th Floor M
Dallas, TX  75202

You are hereby commanded, that laying all other business aside, you be and appear at Moseley Marcinak Law Group, LLC, 2060 Franklin Way, SE, Suite 200, Marietta, GA 30067 on October 23, 2025 at 10:00 a.m. and to bring with you certain matters to be used as evidence by the DEFENDANT in the case of Briana Marshall v. HMD Trucking, Inc. and Bradley Whitwell, Case No. 25EV002064.

The following are hereby subpoenaed: See attached Exhibit A.

HEREIN FAIL NOT, under the penalty of law by authority of the Hon. Patsy Porter, Judge of said court this 23rd day of September, 2025.

| | |
|---|---|
| Any Questions Contact: | Donald Talley |
| Anna K. Beaton, Esq. | Clerk, State Court |
| Moseley Marcinak Law Group LLP | 404-613-5313 |
| P.O. Box 1688 | |
| Kennesaw, GA  30156 | |
| Phone No. 470-480-7528 | *Anna Beaton* |
| | Subpoena Issued by Attorney of Record for Defendants |

RETURN OF SERVICE

I served the within witness AT&T-Mobile with this subpoena on _____ at _____ am/pm by: _____delivering to him/her in person, or by X Fax to 877-971-6093 (preferred method).

Served by: _____

_____
Bonnie E. Nicholson, Paralegal

***"Pursuant to OCGA 24-13-21(c-h), this subpoena form is being provided to the attorney of record and shall be completed prior to service upon the witness. If an individual misuses a subpoena, he or she shall be subject to punishment for contempt of court and shall be punished by a fine of not more than $300.00 or not more than 20 days imprisonment, or both. A witness may contact the Clerk of Court's office to verify this subpoena was issued for a valid case."***

5605557.1

**EXHIBIT A**

TO:                          AT&T

Phone No:                    404-951-2743

DATES:                       November 12, 2024 through November 14, 2024

Defendant, by and through his or her attorney, requests the following information be provided regarding cell phone communications in the form of historical call detail records and tower locations, for cell phone number(s) 404-951-2743 for the period of time between 11/12/2024-11/14/2024.

All information including but not limited to:

1.  Subscriber information for the above listed numbers, including financially responsible party, billing address, features and services and equipment;

2. All call originations, call terminations, call attempts, voice and text message transactions, including push to talk, data communications, SMS and MMS communications, and voice communications, LTE and/or IP sessions and destinations with cell site information, including the originating and receiving phone numbers or network IDs for all incoming and outgoing call transactions, data transactions and push to talk sessions;

3. Records are to include the IMEI, IMSI or other equipment or handset identification information for the target phone number if known;

4. All stored SMS content, MMS content and / or Browser Cache if available;

5. Beginning and ending switch and cell site / tower identifiers for each call, SMS MMS and data transmission, including the location information and azimuth for the tower and sector used for the call;

6. A complete table of cell towers / cell site information for all cell towers / cell sites in the

5605557.1

Region, Market, Site ID, Sector ID or service area and or for all switches used, active at the time period for the call detail records requested. This shall include:

a. cell tower location information including latitude and longitude;

b. cell tower / cell site designation information / identification numbers;

c. information for each cell site sector including azimuth and beamwidth;

d. equipment type used at the cell site, i.e. Lucent or Nortel, etc.;

7. a legend and definition for any and all abbreviations used in the reports provided;

8. An explanation of how to read the call detail records;

9. Any precise measurement data such as e-911 location data, TDOA (Time Delay of Arrival) Truecall, Timing Advance or reports of similar nature data and or any other data recorded for the time period that will provide additional location data;

10. Specific information regarding the time stamps / time zones of the records;

11. Provide the following information regarding cell tower locations for the following areas containing cell towers actively in service between 11/12/2024-11/14/2024;

11. Any records or information regarding cell towers that were undergoing maintenance, or were out of service the time period in this request.

All responsive data is to be provided in both Adobe PDF format and Microsoft Excel format, .TXT or .CSV format. Please indicate in your response to this subpoena if there is any data loss due to the time difference between the date of the receipt of this subpoena and the time period requested, and if so, a detailed description of what data is not recoverable versus what data would be recoverable based on the carrier's retention period for call detail records.

5605557.1

### *SUBPOENA FOR PRODUCTION OF EVIDENCE*
State of Georgia, Fulton County

TO:   Georgia Department of Driver Services
2206 Eastview Pkwy NE
Attn: Legal Department
Conyers, GA 30013

You are hereby commanded, that laying all other business aside, you be and appear at Moseley Marcinak Law Group, LLP, 2060 Franklin Way SE, Suite 200, Marietta, GA 30067 on October 23, 2025 at 10:00 a.m. and to bring with you certain matters to be used as evidence by the DEFENDANT in the case of Briana Marshall v. HMD Trucking, Inc. and Bradley Whitwell, Case No. 25EV002064.

The following are hereby subpoenaed: The complete motor vehicle record of Briana A. Marshall a/k/a Briana Pless a/k/a Brianna Pless, DOB 08/28/1987, DL# 052002104.

HEREIN FAIL NOT, under the penalty of law by authority of the Hon. Patsy Porter, Judge of said court this 23rd day of September, 2025.

| | |
|---|---|
| Any Questions Contact: | Donald Talley |
| Anna K. Beaton, Esq. | Clerk, State Court |
| Moseley Marcinak Law Group LLP | 404-612-4000 |
| P.O. Box 1688 | |
| Kennesaw, GA  30156 | |
| Phone No. 470-480-7528 | |

*Anna Beaton*
_____
Subpoena Issued by Attorney of Record for Defendants

5605413.1

RETURN OF SERVICE

I served the within witness Georgia Department of Driver Services with this subpoena on
_____ at _____am/pm by: _____delivering to him/her in person, or by
Facsimile to 877-971-6093.

Served by:

_____
Bonnie Nicholson, Paralegal


**"Pursuant to OCGA 24-13-21(c-h), this subpoena form is being provided to the attorney of record and shall be completed prior to service upon the witness. If an individual misuses a subpoena, he or she shall be subject to punishment for contempt of court and shall be punished by a fine of not more than $300.00 or not more than 20 days imprisonment, or both. A witness may contact the Clerk of  Court's office to verify this subpoena was issued for a valid case."**

5605413.1

State Court of Fulton County
**E-FILED**
25EV002064
10/2/2025 4:22 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| BRIANA MARSHALL, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | NO. 25EV002064 |
| v. | ) | |
| | ) | |
| HMD TRUCKING, INC. and BRADLEY | ) | |
| WHITWELL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify that on this day, I served a copy of Defendants' Request for Production of Documents to a Non-Party upon the following:

- CVS Pharmacy, Inc.;

- Progressive Premier Insurance Company of Illinois;

- Wellstar Cobb Hospital;

- Grady Health System;

- Town Park Medical Center;

- Gwinnett Medical Center Office Center;

- Elite Total Wellness;

- Lemonaid Healthcare Mental Health Clinic;

- Acworth Family Eyecare;

- Francheska D. Alcide;

- Wellstar Kennestone Hospital;

This 2nd day of October, 2025.

5646590.1

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Anna K. Beaton
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
404-282-7837
470-480-7259 (Fax)

5646590.1

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document via U.S. Mail and/or with the Court's electronic filing platform which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

Michael T. Rafi
Alexander J. Brown
John R. Hooven
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423 South
Atlanta, GA 30309
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com
*Attorneys for Plaintiff*

This the 2nd day of October, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Anna K. Beaton*
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
404-282-7837
470-480-7259 (Fax)

5646590.1

State Court of Fulton County
**E-FILED**
25EV002064
10/29/2025 11:18 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

BRIANA MARSHALL,                    )
                                    )
    Plaintiffs,                  )
                                    )
v.                                  )
                                    )        CIVIL ACTION FILE
                                    )        NO. 25EV002064
HMD TRUCKING, INC. and BRADLEY      )
WHITWELL,                           )
                                    )
    Defendants.                  )
                                    )

## CONSENT MOTION TO EXTEND DISCOVERY

COME NOW, the Parties in the above-styled action and file this Consent Motion to Extend Discovery in this matter through January 30, 2025. The Parties show that they have been diligently pursuing discovery including the exchange of written discovery, taking relevant depositions, and are in the process of scheduling mediation to take place in the next couple months. However, Plaintiff's treatment is ongoing and broker error the parties feel that additional time is necessary to complete necessary discovery related to Plaintiff's additional damages. As a result, the Parties request additional time to complete the necessary discovery.

THEREFORE, the parties jointly request that discovery be extended in this matter through January 30, 2025.

This the 29th day of October, 2025.

*[SIGNATURES ON FOLLOWING PAGE]*

1

5670707.1

MOSELEY MARCINAK LAW GROUP LLP

*s/ Anna K. Beaton*
Anna K. Beaton
Georgia Bar No.: 421320
Anna.beaton@momarlaw.com
*Attorney for Plaintiff*
MOSELEY MARCINAK LAW GROUP LLP
P.O. Box 1688
Atlanta, GA 30156


*s/ John Hooven*
Michael T. Rafi
Georgia Bar No. 127670
Alexander J. Brown
Georgia Bar No. 532112
John R. Hooven
Georgia Bar No. 429489
**Rafi Law Firm LLC**
1776 Peachtree Street NW
Suite 423-South
Atlanta, GA 30309

2

5670707.1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronic mail as follows:

Michael T. Rafi
Alexander J. Brown
John R. Hooven
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423 South
Atlanta, GA 30309
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com
*Attorneys for Plaintiff*

This 29th day of October, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Anna K. Beaton*
Blair J. Cash, Esq
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
404-282-7837
470-480-7259 (Fax)

3

5670707.1

State Court of Fulton County
**E-FILED**
25EV002064
11/21/2025 11:25 AM
Donald Talley, Clerk
Civil Division

To:        All Judges, Clerks of Court, and Counsel of Record
From:    John Hooven
Date:     November 21, 2025

_____

### Notice of Leave of Absence for John Hooven

John Hooven of Rafi Law Firm LLC respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.1:

1.  A list of the actions to be protected, including action numbers: see Exhibit 1, attached.

2.  The reason for the request is: paternity leave.

3.  This Notice of Leave supersedes any and all previously filed notices of leaves.

4.  The duration of the requested leave is:

    4.1.  December 22, 2025 – January 30, 2026.

Under the Rule, opposing counsel shall have 10 days from the date of this Notice to object. If no objections are filed, the Leave of Absence will stand granted.

Submitted on November 21, 2025, by:

_____

**Rafi Law Firm LLC**                 John R. Hooven
1776 Peachtree Street NW          Georgia Bar No. 429489
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
Hooven@rafilawfirm.com

**Exhibit 1**

| Case Name/Case No. | Judge/Venue | Interested Counsel |
|---|---|---|
| Briana Marshall v. HMD Trucking, Inc. and Bradley Whitwell<br><br>Civil Action No.: 25EV002064 | Honorable Judge Patsy Y. Porter<br>State Court of Fulton County<br>185 Central Ave SW<br>Atlanta, GA 30303 | Blair J. Cash<br>Anna K. Beaton<br>Moseley Marcinak Law Group LLP<br>PO Box 1688<br>Kennesaw, GA 30156 |

State Court of Fulton County
**E-FILED**
25EV002064
11/21/2025 4:47 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **Briana Marshall,** | Case No. 25EV002064 |
| Plaintiff, | |
| v. | |
| **HMD Trucking, Inc. and Bradley Whitwell**, | **Amended Notice of Deposition of Defendant Bradley Whitwell** |
| Defendants. | |

*Time*:          November 25, 2025, at 2:00 P.M.

*Location*:     Zoom Videoconference

Plaintiff will take the deposition of Bradley Whitwell at the time and location stated above pursuant to O.C.G.A. § 9-11-30. The deposition will be taken for all purposes permitted by the Georgia Civil Practice Act. The deposition will be taken by oral examination before a person duly authorized to administer oaths and visually recorded. This deposition will take place via videoconference through a software program that meets all the requirements set out in U.S.C.R. 9.2(E).


Submitted on November 21, 2025, by:


**Rafi Law Firm LLC**                          Michael T. Rafi
1776 Peachtree Street NW               Georgia Bar No. 127670
Suite 423-South                               Alexander J. Brown
Atlanta, GA 30309                            Georgia Bar No. 532112
404-800-9933                                   John R. Hooven
470-344-3425 fax                              Georgia Bar No. 529489
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com              **Attorneys for Plaintiff**

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **Briana Marshall,** | Case No. 25EV002064 |
| Plaintiff, | |
| v. | |
| **HMD Trucking, Inc. and Bradley Whitwell**, | **Certificate of Service** |
| Defendants. | |

I certify I electronically filed the foregoing document with the Court's electronic filing system. I certify the following parties or their counsel are registered with the electronic filing system and will be served by the system:

Anna K. Beaton
Blair J. Cash
Moseley Marcinak Law Group LLP
PO Box 1688
Kennesaw, GA 30156
Blair.cash@momarlaw.com
Anna.beaton@momarlaw.com

Submitted on November 21, 2025, by:

**Rafi Law Firm LLC**                Michael T. Rafi
1776 Peachtree Street NW           Georgia Bar No. 127670
Suite 423-South                    Alexander J. Brown
Atlanta, GA 30309                  Georgia Bar No. 532112
404-800-9933                       John R. Hooven
470-344-3425 fax                   Georgia Bar No. 529489
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com             **Attorneys for Plaintiff**

- 2 -

State Court of Fulton County
**E-FILED**
25EV002064
12/4/2025 3:10 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BRIANA MARSHALL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 25EV002064 |
| HMD TRUCKING, INC. and BRADLEY WHITWELL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**NOTICE OF CHANGE OF ADDRESS**

COMES NOW Blair J. Cash and Anna K. Beaton, counsel for Defendants in the above-styled civil action, and hereby notifies all parties and this Court that effective November 24th, 2025  all pleadings, correspondence and any notices should be mailed to the new street address for Moseley Marcinak Law Group, LLP as follows:

Moseley Marcinak Law Group, LLP
269 Roswell Street, NE
Suite 300
Marietta, GA 30060

All email addresses and phone numbers remain the same.

Respectfully submitted this 4th day of December, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Blair J. Cash
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*

5701191.1

MOSELEY MARCINAK LAW GROUP, LLP
269 Roswell Street, NE
Suite 300
Marietta, GA 30060
470-480-7258
470-480-7259 (Fax)

2

5701191.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document with eFileGA which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

Michael T. Rafi
Alexander J. Brown
John R. Hooven
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423 South
Atlanta, GA 30309
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com
*Attorneys for Plaintiff*

This the 4th day of December, 2025.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
269 Roswell Street, NE
Suite 300
Marietta, GA 30060
470-480-7258
470-480-7259 (Fax)

3

5701191.1

State Court of Fulton County
**E-FILED**
25EV002064
1/8/2026 10:55 AM
Donald Talley, Clerk
Civil Division

TO:           ALL JUDGES, CLERKS OF COURT, and COUNSEL OF RECORD

FROM:        BLAIR J. CASH, ESQ.

RE:           NOTICE OF LEAVE OF ABSENCE

DATE:        January 8, 2026

_____

COMES NOW, BLAIR J. CASH, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16 on the following dates:

1. April 6, 2026 through and including April 13, 2026 for out-of-state family vacation;

2. May 21, 2026 through and including May 22, 2026 for out-of-state family vacation;

3. June 8, 2026 through and including June 10, 2026 for continuing legal education;

4. June 18, 2026 through and including July 3, 2026 for out-of-country travel;

5. July 13, 2026 through and including July 21, 2026 for out-of-state family vacation;

6. September 21, 2026 through and including September 29, 2026 for out-of-state family vacation;

7. November 19, 2026 through and including November 20, 2026 for client meetings and continuing legal education;

8. December 11, 2026 for annual law firm meeting; and,

9. Attached as Exhibit 'A' is the list of actions to be protected.

Pursuant to Rule 16 of the State and Superior Court Rules for Georgia, all affected judges presiding over the cases listed in the attachment hereto and opposing counsel therein shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted pursuant to Rule 16.

5737371.1

This the 8th day of January, 2026.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Blair J. Cash
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com

MOSELEY MARCINAK LAW GROUP, LLP
269 Roswell Street, NE
Suite 300
Marietta, GA 30060
470-480-7258
470-480-7259 (fax)

-2-

5737371.1

**EXHIBIT 'A'**

| Name of Case and Case Number | Name of Judge County and Court | Opposing Counsel |
|---|---|---|
| Chukwudi Anikpe v. Taylor Transport, Inc., Arch Insurance Company and Ricky Free Cole 25SV01377 | Hon. Eddie Barker State Court of Douglas County | Parker Green Smith Beer, LLC 120 Olive Street Suite #100 Avondale Estates, GA 30002 |
| Darren Arthur v. Taylor Transport 25EV002208 | Hon. Diane E. Bessen State Court of Fulton County | Matthew C. Broun KALKA LAW GROUP 1447 Peachtree Street NE, Suite 550 Atlanta, GA 30309 |
| Asil Group, LLC, et al. v. Willie McClinton ,Jr, et al. 2024CV0056652 | Hon. Jason E. Ashford State Court of Houston County | Michael E. Mayo Jake R. Wilkes MAYO \| HILL 577 Mulberry Street, Suite 1400 Post Office Box 4628 Macon, Georgia 31208 |
| James Brisson v. Lisa Ayers SUCV2025000078 | Hon. Mark H. Murphy Superior Court of Haralson County | Matthew Hurst H.L. Cromartie, III H.L. CROMARTIE III, P.C. 401 Broad Street, Suite 300 Rome, GA 30162  John A. Harris Tisinger Vance, P.C. 100 Wagon Yard Plaza Post Office Box 2069 Carrollton, GA 30112 |
| Angela Brown v. Arthur Slater, et al 2024RCSC01434 | Hon. Ashanti L. Pounds State Court of Richmond County | William Andrews MARSH \| RICKARD \| BRYAN 2222 Arlington Avenue S, Suite 210 Birmingham, AL 35205 |

-3-

| | | |
|---|---|---|
| Audrey Bell v. B-H Transfer Co., Jaquavieon Redd and Arch Insurance Company 2025CV0102 | Hon. Alison T. Burleson Superior Court of Wilkinson County | Joseph R. Prine, Jr. Joseph R. Prine, Jr., LLC 740 Mulberry St. Macon, GA 31201 |
| Shikeria Hines as next friend and parent and natural guardian of Avan Brown, her minor daughter v. Taylor Payne, Delta 21 Logistics LLC, Benchmark Insurance Company and John Does (1-5) STCV2025000048 | Hon. Paul W. Hitchcock State Court of Baldwin County | Terrence R. Bethune Sabrina L. Zellner Bethune Law Firm 2890 Piedmont Road NE Atlanta, GA 30305 |
| Philip Bryant, Jr. v. MLM Ventures, Inc. and Joshua B. Evans 25-A-1581 | Hon. Diana Simmons State Court of Cobb County | Adam Kemmerick Foy & Associates, PC 3343 Peachtree Road, NE Suite 350 Atlanta, GA 30326 |
| Burrell, et al. v. Trimac, et al. 22EV000879 | Hon. Fred C. Eady Fulton County State Court | All Counsel of Record |
| Chris Caley v. Williams Brothers Trucking, Inc., and Chad Flintroyal STV2025000074 | Hon. State Court of Jeff Davis County | Bradley S. Robinson Farah & Farah 12016 Abercorn Street Savannah, GA 31419 |
| Zachariah Carter v. Williams Brothers Trucking and Daniel Krattli STV2024000055 | Hon. Shawn Z. Rowland State Court of Jeff Davis County | Ian D. Grady David A. Hollifield Pain Pros, LLC 600 Peachtree Street NE, Suite 2210 Atlanta, GA 30308 |
| James and Jamese Coleman v. Conley T. Bradford, Lergo Logistics, LLC, SEC Auto Transport, Inc., and John Doe SUV2025000608 | Hon. Glen A. Cheney Superior Court of Liberty County | Alexandra V. Paez FARAH & FARAH, P.A. 12016 Abercorn Street Savannah, GA 31419<br><br>Stephen J. Cohen Holly M. Loy |

-4-

| | | Copeland, Stair, Valz, & Lovell, LLP<br>191 Peachtree Street NE, Suite 3600<br>PO Box 56887 30343-0887<br>Atlanta, GA 30303-1740 |
|---|---|---|
| Alvin Cox, Sr. v. Pedro Padron<br>25A02077 | Hon. Ana Maria Martinez<br>State Court of Dekalb County | Marsha Mignott<br>THE MIGNOTT LAW GROUP, LLC<br>4945 Presidents Way<br>Tucker, GA 30084 |
| Jeremy Cripps v. Dana Octavious Tyree, BLS Trucking, Inc.,et al.<br>2024RCSC00878 | Hon. Ashanti L. Pounds<br>State of Richmond County | Sarah B. Flack<br>Bader Scott<br>Bader Scott Injury Law Firm<br>3384 Peachtree Road NE, Suite 500<br>Atlanta, Ga 30326 |
| Tiffany Druschel, et al v. Luciana Calcagno and JP Logistics Inc.<br>SUCV2025000260 | Open<br>Superior Court of Bartow County | Victor Ogbeuhi<br>Shaun Daughtery<br>Page Injury Law<br>d/b/a Spartan<br>200 Sandy Springs Place NE<br>Atlanta, GA 30328 |
| Jeremiah Ellison v. Elim Vazquez-Juarez<br>STSV2025001184 | Hon. Ralph Bailey, Jr.<br>State Court of Henry County | Anthony Thomas<br>The Starks Firm, LLC<br>P.O. Box 360160<br>Decatur, GA 30036 |
| Jordan Ferguson v. Kyaw Kheain and Shan Lay Trucking LLC<br>25-A-01801-2 | Hon. Tracie H. Carson<br>Superior Court of Gwinnett County | Joe Harrison Wade, II<br>MORGAN & MORGAN<br>200 Stephenson Ave, Suite 200<br>Savannah, GA 31405 |
| Glenn, et al. v. Trimac Transportation, et al.<br>20EV007366 | Hon. Patsy Y. Porter<br>Fulton County State Court | All Counsel of Record |

5737371.1

| | | |
|---|---|---|
| Rakim Glover v. Transport Speed Corp, Logistic Transport Speed, LLC, Luis Millet, and Accredited Specialty Insurance Company 2024SCV0900 | Hon. Ellen Golden State Court of Lowndes County | Rakim Glover Pro Se 1824 NW 14th Street Ocala, FL 34475 |
| Glenda and Calvin Gunn v. Coastal Waste & Recycling, Inc. and Rodrequs Harris 2025RCCV00419 | Hon. Ashley Wright Superior Court of Richmond County | Briana Richie Randolph Frails Edwin A. Wilson Frails & Wilson, LLC 211 Pleasant Home Rd., Suite A-1 Augusta, GA 30907 |
| Kayla Hansley v. Clifford Fowler, Taylor Transport, Inc. and Arch Insurance Company SUCV2023000421 | Open State Court of Bartow County | Riley W. Snider Morgan & Morgan 178 S Main St. Unit 300 Alpharetta, GA 30009<br><br>Brad J. McFall Gammon, McFall, & Villarreal Attorneys at Law P.O. Box 292 Cedartown, Georgia 30125<br><br>Marion Hensley Pro Se 519 East Valley Road Rydal, Georgia 30171 |
| Timothy Holmes v. Hibbett Retail, Inc., Hibbett, Inc., and Jolen Walker 25-C-02191-S6 | Hon. Veronica Cope State Court of Gwinnett County | Frank Ilardi ILARDI LAW, LLC 1201 Peachtree Street, NE Suite 2000 Atlanta, GA 30361 |
| Gloria Jeffery v. Myung Yoon and Changwon America, Inc. 2025CV07569 | Open State Court of Clayton County | Jack Butler Northover Law Group, LLC 3400 Peachtree Road NE, Suite 1049 Atlanta, GA 30326 |
| Charaz Joseph v. Chester Sturgis and Coastal Waste & Recycling of Georgia, LLC 2025RCSC01536 | Hon. Kellie K. McIntyre State Court of Richmond County | Titus T. Nichols Nichols Law, P.C. 1000 Whitlock Ave., Suite 320 Marietta, GA 30064 |

5737371.1

| | | |
|---|---|---|
| Joseph Kleid v. Stafford Transport of Michigan, Inc.; Stafford Transport of Louisiana, Inc.; Stafford Transport of Florida, Inc.; Zeco Patrick Burt; And John Doe 1-3<br>25-C-08262-S1 | Hon. Emily Brantley<br>State Court of Gwinnett County | Mark R. Johnson<br>mjohnson@ssmklaw.com<br>Shawn D. Scott<br>sscott@ssmklaw.com<br>Zachary I. Gabrielson<br>zgabrielson@ssmklaw.com<br>SINTON SCOTT MINOCK & KEREW<br>3438 Peachtree Road NE, Suite 925<br>Atlanta, Georgia 30326 |
| Donggeun Lee v. Zachary Luke Stephens and Heyden Enterprises, LLC<br>25EV004944 | Hon. Fred C. Eady<br>State Court of Fulton County | David M. Thomas<br>Thomas Law Firm<br>P.O. Box 767939<br>Roswell, GA 30076 |
| William Kyle Lee and Douglas Asphalt Materials, LLC v. Southeast Logging, Inc., Benjamin Hayes and Accredited Surety & Casualty Co., Inc.<br>CV20230255 | Hon. Bart G. Altman<br>State Court of Glynn County | Brent J. Savage, Sr.<br>Anna C. Chumley<br>Savage, Turner, Pinckney Savage & Sprouse<br>P.O. Box 10600<br>Savannah, GA 31412 |
| Briana Marshall v. HMD Trucking, Inc. and Bradley Whitwell<br>25EV002064 | Hon. Patsy Porter<br>State Court of Fulton County | Michael T. Rafi<br>Alexander J. Brown<br>John R. Hooven<br>RAFI LAW FIRM<br>1776 Peachtree Road NE<br>Suite 423-S<br>Atlanta, GA 30309 |
| James Morgan v. Kelly Tours, Inc., All Ways Savannah, LLC, d/b/a Gray Line Savannah, Douglas Braxton, and Carolina Casualty Insurance Company<br>STCV 25-01461 | Hon. Gregory V. Sapp<br>State Court of Chatham County | Thomas M. Gore<br>Hasner Law, PC<br>4255 Wade Green Road NW, Suite 520<br>Kennesaw, GA 30144<br>thomas@hasnerlaw.com |
| Johnny Norman v. Emilio Hodge & Custom Ecology<br>24A01809 | Hon. Kimberly Anderson<br>State Court of Dekalb County | William Pate<br>WITHERITE LAW GROUP<br>600 Peachtree Street NE<br>Suite 4010<br>Atlanta, GA 30308 |

-7-

| | | |
|---|---|---|
| Richard and Maureen Osterhoudt v. LVL, Inc. and Davaion Blakes STCV2025000337 | Hon. Michael Hubbard State Court of Carroll County | Lindsey Corbin Farah & Farah, PA 12016 Abercorn Street Savannah, GA 31419 |
| Tina L. Perkins v. James T. Hill, et al. 2024SV001300 | Hon. John W. Wingate, III State Court of Hall County | Nancy Anderson Morgan & Morgan Atlanta, PLLC 408 12th Street Columbus, GA 31901 |
| Deborah Roach v. Gilberto Lorenzo and ADM Transport, LLC SUCV2025000257 | Hon. AHN Superior Court of Camden County | Joe Harrison Wade, II MORGAN & MORGAN 408 12th Street Suite 200 Columbus, GA 31901 |
| Cregg Rockett v. Early Trucking Company, ETC Independent Contractors, Inc., and Arch Insurance Company 2025V-009 | Open Superior Court of Early County | Joshua A. Carroll Buzzell, Welsh & Hill, LLP 200 Third Street PO Box 1017 Macon, GA 31202 <br><br> William S. Stone Ryals D. Stone The Stone Law Group – Trial Lawyers, LLC 5229 Roswell Road Atlanta, GA 30342 |
| George Simmons v. Norman Davis and Williams Brothers Trucking STSV2024000225 | Hon. Jeffrey N. Osteen Superior Court of Liberty County | Katharine Fitzpatrick MORGAN & MORGAN 200 Stephenson Avenue, Suite 200 Savannah, GA 31405 |
| Georgia Simmons v. Norman Davis SUV2024000145 | Hon. Roger B. Lane Superior Court of Jeff Davis County | Katharine Fitzpatrick MORGAN & MORGAN 200 Stephenson Avenue, Suite 200 Savannah, GA 31405 |

-8-

| | | |
|---|---|---|
| Charles R. Sowell, Jr. V. Allen K. Crosby and HMD Trucking, Inc. 25-C-207 | Open Superior Court of Berrien County | Trey Pitts Morgan & Morgan Augusta, PLLC 2743 Perimeter Parkway, Bldg. 100, Ste. 310 Augusta, GA  30909 |
| State of Georgia v. Jonah Louis Smith Citation No. 2025-18015 | Hon. J. Michael Greene Municipal Court of the City of Americus | Patrick Bennett Calcutt Calcutt & Calcutt PA 106 W Lamar Street Americus, GA 31709 |
| State of Georgia v. Randy White 2025CR07801 | Hon. Margaret Spencer State Court of Clayton County | Jerry Patrick 1500 Morrow Road Morrow, GA 30260 |
| Robbie Stephens v. Taylor Payne, Delta 21 Logistics LLC, Benchmark Insurance Company and John Does (1-5) STCV2025000047 | Hon. Paul W. Hitchcock State Court of Baldwin County | Terrence R. Bethune Sabrina L. Zellner Bethune Law Firm 2890 Piedmont Road NE Atlanta, GA 30305 |
| Diego Mauricio Lopez Tavera v. Anthony Joseph Doucette and Custom Ecology, Inc. 25CV015421 | Hon. Kevin Farmer Superior Court of Fulton County | William "Will" Green The Felicetti Law Firm 3295 River Exchange Drive, Suite 372 Peachtree Corners, GA 30092 |
| Derrick Tibbs v. Stafford Transport of Michigan, Inc., d/b/a Custom Ecology, Inc., Rashaad Coleman, and Nuovo Indemnity Risk Retention Group, Inc. 24EV011043 | Hon. Patsy Porter State Court of Fulton County | Daniel D. Ruiz Rob Loar Adewale Odetunde WLG Atlanta, LLC 600 Peachtree Street, Suite 4010 Atlanta, GA 30308 |
| Kevin Michael Tilley v. FCCI Insurance Company, et al. 24-A-3098 | Hon. Diana Simmons State Court of Cobb County | Charles Winfred Watwood, III Lawbike Motorcycle Injury Lawyers 555 Sun Valley Drive Ste J2 Roswell, GA 30076<br><br>Tyler Bryant Walker Ariyaiana M. Haynes |

5737371.1

| | | |
|---|---|---|
| | | Fields Howell, LLP<br>665 8th Street NW<br>Atlanta, GA 30318<br><br>David W. Wallace<br>Law Office of Marcus A. Blackwell<br>3200 Windy Hill Road SE<br>Suite 1525E<br>Atlanta, GA 30339<br><br>William R. Gordon, Jr.<br>Downey & Cleveland, LLP<br>288 Washington Avenue<br>Marietta, GA 30060-1979 |
| Shana Usher v. Bibiana Mesa-Hernandez and Skyhop Global, LLC<br>2025CV02705 | Open<br>State Court of Clayton County | W. Bryant Green, III<br>Semra A. Kebede<br>Raford Kelly<br>Anthony R. Showell<br>Kendrick Zuluga<br>Law Offices of W. Bryant Green, III<br>303 Peachtree Street NE<br>Suite 4100<br>Atlanta, GA 30308 |
| Nancy Wells v. Custom Ecology, Inc. d/b/a Stafford Transport of Michigan, Inc., and Andrea Nicole Miller<br>SUV2025000399 | Hon. Emory Palmer<br>Superior Court of Coweta County | Ajia Burris<br>Shani O. Brooks<br>SHANI O. BROOKS, P.C.<br>3340 Peachtree Road, Suite 500<br>Atlanta, GA 30326 |
| Garrett's Red & White Inc. v. US Xpress Enterprises, Inc. and Knight Swift Transportation Holdings, Inc.<br>SUCV2024000105 | Open<br>Superior Court of Hancock County | John Baker<br>John Baker Law<br>1551 Jennings Mill Rd, Suite 3100B, Watkinsville, GA 30677 |
| Rita Marie Whitfield, Individually, and as Natural Parent of Shane Coffey, Minor Child v. Marcio Valezindetoledo, Lion Transport Logistics LLC, and Accredited Specialty Insurance Company<br>24-CI-0426 | Hon. Jim Wilbanks<br>Superior Court of Murray County | Edward J. Hardrick<br>Morgan & Morgan Atlanta, PLLC<br>11605 Haynes Bridge Road<br>Suite 490<br>Alpharetta, GA 30009 |

-10-

5737371.1

| | | |
|---|---|---|
| Charlotte and Clarence Williams v. Dustin Clinton Jett and Taylor Transport, Inc. SUCV2025000556 | Hon. Mark H. Murphy Superior Court of Polk County | Alexandra Paez FARAH & FARAH, P.A. 1206 Abercorn Street Savannah, GA 31419 |
| Lacayha Williams, et al. v. Tyler M. Herring, Eljim, Inc. And Highlander Specialty Insurance Company. 25EV002351 | Hon. Fred C. Eady State Court of Fulton County | Matt Stone Shawn Kalfus Sheetal Brahmbhatt Stone Kalfus LLP One Midtown Plaza 1360 Peachtree Street NE Suite 1250 Atlanta, GA 30309<br><br>Lacahya Williams Pro Se 2479 Abner Terrace NW #205 Atlanta, GA 30318 and 7310 Amhurst Terrace Atlanta, GA 30349 and 36 Hawk Spring Dr. SW Rome, GA 30165 |
| Titus Williams v. Piedmont Timber Co. Inc. SUCV2025000783 | Hon. Cheveda D. McCamy Superior Court of Walton County | Reed Edmondson, Jr. REED EDMONDSON, JR., P.C. 1000 Iris Drive SW, Suite F Conyers, GA 30094 |
| Lauriel Young v. Calvin Nesbitt, Richard Dixon, and B-H Transfer Co. 25-CG-0014-JG | Hon. Jud L. Green Superior Court of Laurens County | Corey Aitken Jan Cohen Kenneth S. Nugent, P.C. 4227 Pleasant Hill Road Building 11, Suite 300 Duluth, GA 30096 |
| Mauricas Zachery v. Abdi Aliye, Skymile Logistics, Inc., and Spinnaker Insurance Company 25-C-06408-S6 | Hon. Veronica Cope State Court of Gwinnett County | William Richardson WLG Atlanta, LLC Bank of America Plaza 600 Peachtree St. NE, Suite 4010 Atlanta, GA 30308 |

5737371.1

-12-

| | | |
|---|---|---|
| Fenghua Zhu v. LFT Transportation, Inc. 23EV007314 | Hon. John Mather State Court of Fulton County | T Ade Adeboye Law Firm of T Ade Adeboye, PC 1050 Shiloh Road, Suite 201 Kennesaw, GA 30144 adeboye@adelawfirm.com |

5737371.1

-13-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document which sends notice to all parties and counsel listed above pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

This 8th day of January, 2026.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Blair J. Cash
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com

MOSELEY MARCINAK LAW GROUP, LLP
269 Roswell Street, NE
Suite 300
Marietta, GA 30060
470-480-7258
470-480-7259 (Fax)

5737371.1

State Court of Fulton County
**E-FILED**
25EV002064
3/10/2026 12:45 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

BRIANA MARSHALL,     )
             )
  Plaintiffs,     )
             )
v.           )  CIVIL ACTION FILE NO.
             )    25EV002064
HMD TRUCKING, INC. and BRADLEY )
WHITWELL,      )
             )
  Defendants.    )

**NOTICE OF VIDEO DEPOSITION OF
PLAINTIFF BRIANA MARSHALL**

TO: Briana Marshall
  c/o Michael T. Rafi
  Alexander J. Brown
  John R. Hooven
  mike@rafilawfirm.com
  brown@rafilawfirm.com
  hooven@rafilawfirm.com

Please take notice that defendants will take the videotaped deposition upon oral examination of Plaintiff, Briana Marshall, pursuant to O.C.G.A. § 9-11-30. The deposition will commence as follows:

  Date/Time:  April 30, 2026
        10:00 a.m.

  Location:  Rafi Law Firm, LLC
       1776 Peachtree Street NW
       Suite 423 South
       Atlanta, GA 30309

The deposition will be taken before a certified court reporter or some other officer duly authorized by law to take depositions and will continue from day to day, until its completion. This deposition will be taken in accordance with, and for all purposes permitted under, the Georgia Civil Practice Act.

5801868.1

PLEASE TAKE FURTHER NOTICE that, pursuant to O.C.G.A. § 9-11-30(b)(4), defendants hereby designate videotape as another method to record the testimony of the above-named deponent. The videotape record shall be in addition to the method specified by above and shall be made at defendants' expense.

Respectfully submitted this 10th day of March 2026.

MOSELEY MARCINAK LAW GROUP, LLP

/s/ Blair J. Cash
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
269 Roswell Street, NE
Suite 300
Marietta, GA 30060
470-480-7258
470-480-7259 (Fax)

2

5801868.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by electronically filing this document with the Court's chose efiling platform which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

Michael T. Rafi
Alexander J. Brown
John R. Hooven
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423 South
Atlanta, GA 30309
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com
*Attorneys for Plaintiff*

This the 10th day of March 2026.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash
Georgia Bar No. 360457
blair.cash@momarlaw.com
Anna K. Beaton
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
269 Roswell Street, NE
Suite 300
Marietta, GA 30060
470-480-7258
470-480-7259 (Fax)

3

5801868.1

State Court of Fulton County
**E-FILED**
25EV002064
3/11/2026 7:43 PM
Donald Talley, Clerk
Civil Division

To:          All Judges, Clerks of Court, and Counsel of Record
From:        Alexander J. Brown
Date:        March 11, 2026

_____

### Notice of Leave of Absence for Alex Brown

Alexander Brown of Rafi Law Firm LLC respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.1:

1. A list of the actions to be protected, including action numbers: see Exhibit 1, attached.

2. The reason for the request is business related obligations, volunteer commitments, and personal vacations.

3. This Notice of Leave supersedes any and all previously filed notices of leaves.

4. The duration of the requested leave is:

    4.1.    April 14 - 20, 2026;

    4.2.    May 1, 2026;

    4.3.    May 7 – 8, 2026;

    4.4.    June 15 – 24, 2026;

    4.5.    July 1 – 3, 2026;

    4.6.    September 4 – 8, 2026;

    4.7.    October 1 – 2, 2026;

    4.8.    October 29 – November 2, 2026;

    4.9.    December 21 – 31, 2026.

Under the Rule, opposing counsel shall have 10 days from the date of this Notice to object. If no objections are filed, the Leave of Absence will stand granted.

Submitted on March 11, 2026, by:

**Rafi Law Firm LLC**
1776 Peachtree Street NW
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
brown@rafilawfirm.com

Alexander J. Brown
Georgia Bar No. 532112

**Exhibit 1**

| Case Name/Case No. | Judge/Venue | Interested Counsel |
|---|---|---|
| Briana Marshall v. HMD Trucking, Inc. and Bradley Whitwell<br><br>Civil Action No.: 25EV002064 | Honorable Judge Patsy Y. Porter<br>State Court of Fulton County<br>185 Central Ave SW<br>Atlanta, GA 30303<br><br>Clerk of Court<br>State Court of Fulton County<br>185 Central Ave SW<br>Atlanta, GA 30303 | Blair J. Cash<br>Anna K. Beaton<br>Moseley Marcinak Law Group LLP<br>PO Box 1688<br>Kennesaw, GA 30156 |

State Court of Fulton County
**E-FILED**
25EV002064
4/9/2026 10:44 AM
Donald Talley, Clerk
Civil Division

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| Briana Marshall, | Case No.  25EV002064 |
| Plaintiff, | |
| v. | |
| HMD Trucking, Inc. and Bradley Whitwell, | **Joint Consent Motion for Continuance and to Reopen and Extend Discovery 60 Days** |
| Defendants. | |

Pursuant to Uniform Superior Court Rule 5.1, the Parties respectfully request that this Court reopen the discovery period for 60 days. The Parties have diligently conducted discovery but have been unable to complete all discovery before it expired on January 30, 2026. The reason being, Plaintiff has recently undergone additional and ongoing treatment for which Defendant would like time to conduct discovery. Therefore, the Parties require additional time to complete depositions and further discovery.

Accordingly, the Parties respectfully request this Court grant the attached proposed Consent Order Reopening and Extending Time for Discovery.

Submitted on April 9, 2026, by:

**Rafi Law Firm LLC**                         Michael T. Rafi
1776 Peachtree Street NW                Georgia Bar No. 127670
Suite 423-South                               Alexander J. Brown
Atlanta, GA 30309                             Georgia Bar No. 532112
404-800-9933                                   John R. Hooven
470-344-3425 fax                             Georgia Bar No. 429489
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com                 **Attorneys for Plaintiff**

- 2 -

*/s/ Anna K. Beaton*

**Moseley Marcinak Law Group, LLP**          Blair J. Cash
PO Box 1688                                  Georgia Bar No. 360457
Kennesaw. GA 30156                           Anna K. Beaton
404-282-7837                                 Georgia Bar No. 421320
470-480-7259 fax                             *(Signed by JRH w/express permission)*
blair.cash@momarlaw.com
anna.beaton@momarlaw.com                     **Attorneys for Defendants**

- 3 -

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Briana Marshall**, | Case No.  25EV002064 |
| Plaintiff, | |
| v. | |
| **HMD Trucking, Inc. and Bradley Whitwell,** | **Joint Consent Motion to Reopen and Extend Discovery 60 Days** |
| Defendants. | |

This matter is before the Court on the Parties' Joint Consent Motion to Reopen and Extend Discovery. Having read and considered the entire record of the case, and for good cause shown, said Motion is HEREBY GRANTED. Consequently, IT IS ORDERED that discovery in the above-captioned matter shall be reopened and extended 60 days from the date of this Order.

So Ordered this _____ day of _____, 2026.

_____
Honorable Judge Patsy Y. Porter
State Court of Fulton County

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **Briana Marshall,** | Case No.   25EV002064 |
| Plaintiff, | |
| v. | |
| **HMD Trucking, Inc. and Bradley Whitwell,** | **Certificate of Service** |
| Defendants. | |

I certify I electronically filed the foregoing document with the Court's electronic filing system. I certify the following parties or their counsel are registered with the electronic filing system and will be served by the system:

Blair J. Cash
Anna K. Beaton
Moseley Marcinak Law Group, LLP
PO Box 1688
Kennesaw, GA 30156
blair.cash@momarlaw.com
anna.beaton@momarlaw.com

Submitted on April 9, 2026, by:

**Rafi Law Firm LLC**                                 Michael T. Rafi
1776 Peachtree Street NW                       Georgia Bar No. 127670
Suite 423-South                                         Alexander J. Brown
Atlanta, GA 30309                                     Georgia Bar No. 532112
404-800-9933                                            John R. Hooven
470-344-3425 fax                                      Georgia Bar No. 429489
mike@rafilawfirm.com
brown@rafilawfirm.com
hooven@rafilawfirm.com                          **Attorneys for Plaintiff**

- 4 -